Richard G. LAWLER,
Plaintiff–Appellant,

v.

Ronald C. MARSHALL, Supt.; Dunn, Captain; McAlister, Lieutenant; Dunn, Officer; Boehm, Officer; Paul Adams, Defendants–Appellees.

No. 87–4022.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 25, 1990.

Decided March 26, 1990.

Rehearing Denied May 23, 1990.

Richard G. Lawler, Lucasville, Ohio, pro se.

Joseph J. Dehner, argued, Frost & Jacobs, Cincinnati, Ohio, for plaintiff-appellant.

Chris Stegeman, argued, Asst. Atty. Gen., Cincinnati, Ohio, for defendants-appellees.

Before MARTIN and RYAN, Circuit Judges, and PECK, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

Richard G. Lawler appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights action as frivolous under 28 U.S.C. § 1915(d).

Lawler is a prisoner at the Southern Ohio Correctional Facility. He alleges that defendants Marshall and Dunn, both of whom are senior corrections officers at the correctional facility, ignored the October 8, 1984 written complaints by Lawler and six other inmates concerning G. Raines, an inmate serving as a porter, as posing a threat to inmates. Lawler alleges that on October 13, 1984, defendants Michael Boehm and William D. Dunn, both of whom are correctional officers, failed to prevent Raines from throwing food, coffee, milk, bars of soap, and urine at Lawler. Lawler alleges that Boehm and Dunn witnessed Raines's attack but that they ignored Lawler's requests for help and laughed at him.

After the attack on Lawler, defendant Boehm told another inmate that he hoped Raines would again assault Lawler. Lawler asserts that defendant Jack McAlister told him that he had been "written up" for his complaints regarding Raines. Lawler claims that McAlister, Boehm and Dunn kept him exposed to Raines for several days following the attack.

On November 23, 1984, Lawler brought a *pro se* action under 42 U.S.C. § 1983 alleging that the officers' deliberate failure to protect him from Raines was a violation of his eighth amendment rights. On December 3, 1984, Lawler amended his complaint to add Paul Adams, Supervisor of the Legal Services Department in the prison, for denying Lawler's access to legal texts. On October 11, 1985, Lawler again sought to amend his complaint, alleging that during the Raines incident he sustained severe burns. The defendants opposed this amendment and requested a more definite statement of Lawler's cause of action. In response, Lawler filed a motion for leave to file a third amended complaint setting out more fully the assault, the guards' encouragement of the assault, his injuries, and his denied access to legal texts.

On May 21, 1986, the defendants filed a motion to dismiss pursuant to 28 U.S.C. § 1915(d) which allows the district court to dismiss a suit brought *in forma pauperis* if the court is satisfied that the suit is frivolous. On March 4, 1987, the magistrate recommended that Lawler's motion to amend be denied and that the defendants' § 1915(d) motion to dismiss be granted. After considering Lawler's objections, the district court adopted the magistrate's report and dismissed Lawler's complaint on October 30, 1987. 687 F.Supp. 1176. From this dismissal, Lawler appeals to this Court. Until this proceeding, Lawler has proceeded completely as a *pro se* plaintiff.

Lawler contends that the district court committed reversible error by applying a fact pleading standard to his complaint instead of the notice pleading standard required by Rule 8 of the Federal Rules of Civil Procedure. Formerly, this Circuit held that the standards for dismissal under § 1915(d) are identical to those required under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Harris v. Johnson,* 784 F.2d 222, 224 (6th Cir.1986). However, using Rule 12(b)(6) as the standard for assessing § 1915(d) dismissals was unanimously rejected by the United States Supreme Court in *Neitzke v. Williams,* 490 U.S. ——, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In analyzing frivolousness dismissals under § 1915(d), the Court held that:

> [§ 1915(d)] accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist.... Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which district judges are all too familiar.

*Neitzke v. Williams,* 490 U.S. at ——, 109 S.Ct. at 1833, 104 L.Ed.2d at 348 (citations omitted).

■ The fact that an *in forma pauperis* complaint fails to state a claim upon which 12(b)(6) relief could be granted does not automatically warrant a *sua sponte* dismissal as frivolous under § 1915(d). *Neitzke,* 490 U.S. at ——, 109 S.Ct. at 1829, 104 L.Ed.2d at 344; *Williams v. Faulkner,* 837 F.2d 304, 307 (7th Cir.1988). The distinction between a § 1915(d) frivolousness dismissal and a Rule 12(b)(6) dismissal is that § 1915(d) is a lower hurdle to clear. The Seventh Circuit's analysis in *Williams v. Faulkner,* which was affirmed in *Neitzke v. Williams, supra,* is instructive. In *Faulkner,* Judge Flaum reasoned that § 1915(d) provides that an *in forma pauperis, pro se* complaint may only be dismissed as frivolous by the district court when the petitioner cannot make any claim with a rational or arguable basis in law or in fact. *Williams v. Faulkner,* 837 F.2d at 307; *see also Brandon v. District of Columbia Board of Parole,* 734 F.2d 56 (D.C. Cir.1984), *cert. denied,* 469 U.S. 1127, 105 S.Ct. 811, 83 L.Ed.2d 804 (1985).

■ Although the § 1915(d) dismissal in this case was not *sua sponte,* the frivolousness analysis dictated by *Neitzke* applies. We must determine whether Lawler's complaint makes an arguable legal claim and whether it is based on rational facts. Ex-

amples of legal claims which are frivolous under *Neitzke* would be a state prisoner's assertion of an eighth amendment claim stemming from the actions of a state corrections officer against the United States Attorney General or a prisoner's assertion of a right to have a steak dinner once a week. Examples of claims lacking rational facts are prisoner petitions asserting that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts. The facts must be delusional to be frivolous.

■ Unlike *Neitzke*, Lawler's complaint clears the frivolousness bar set by § 1915(d). His complaint utters an arguable legal claim of an eighth amendment violation against proper defendants to such a claim. Likewise, Lawler's claim is based on rational facts. The standard is not whether or not the district court believes the prisoner—rather, it is whether the facts are rational. The defendants argue that because Lawler claims he saw the guards laughing in the reflection off his nail clipper, the claim is not rational. While Lawler's assertion strains credulity, it is not based on a delusional assertion of facts. Moreover, there are further allegations by Lawler that another inmate witnessed the guards laughing while Raines attacked Lawler and that an inmate heard defendant Boehm express his hope that Raines would again assault Lawler.

■ As to a 12(b)(6) rationale for dismissal, under the Federal Rules of Civil Procedure, plaintiffs need only give a "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). Rule 12(b)(6) allows a dismissal for failure to state a claim only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley*, 355 U.S. at 45–46, 78 S.Ct. at 100. "What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke*, 490 U.S. at ——, 109 S.Ct. at 1832, 104 L.Ed.2d at 348.

In *Nishiyama v. Dickson County, Tenn.*, we held that:

In order to sustain a claim under section 1983, the plaintiffs must satisfy the following requirements: 1) the conduct at issue must have been under color of state law; 2) the conduct must have caused a deprivation of constitutional rights; and 3) the deprivation must have occurred without due process of law.

814 F.2d 277, 279 (6th Cir.1984) (*en banc*). Lawler's complaint essentially asserts that officials and guards in the Southern Ohio Correctional Facility acting under the color of Ohio law deprived Lawler of his eighth amendment right to be free from the infliction of cruel and unusual punishment.

The district court analyzed Lawler's complaint and found that Lawler had failed to assert that the defendants were deliberately indifferent to Lawler's situation; consequently, the deprivation of Lawler's eighth amendment rights did not occur without due process of law. The allegations in Lawler's complaint assert that the prison officials were aware of the inmates' fear that Raines would abuse the inmates. Lawler also asserts that the guards laughed while Raines abused him and subsequently encouraged Raines to abuse Lawler again. The alleged activity of the prison officials and guards is not "mere negligence", which is not a legitimate basis for a § 1983 claim, *see Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); rather, the alleged acts of the defendants meet the gross negligence or reckless indifference standard announced in *Nishiyama, supra*. In *Nishiyama*, we held that:

[A] person may be said to act in such a way as to trigger a section 1983 claim if he intentionally does something unreasonable with disregard to a known risk or a risk so obvious that he must be assumed to have been aware of it, and of a magnitude such that it is highly probable that harm will follow.

814 F.2d at 282. Here, the guards' alleged behavior certainly constitutes an intentional, unreasonable disregard of a known risk to Lawler. Moreover, the actions of the

prison officials in responding to the written complaints filed by Lawler and other inmates regarding Raines may be proven by Lawler to rise to the standard of gross negligence. Thus, Lawler's complaint meets the pleading standards under Rule 12(b)(6).

 Lawler also claims that the district court abused its discretion in refusing to allow him to amend his complaint for the third time. The standard for granting or denying a motion to amend is abuse of discretion. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1969). The magistrate noted that though *Foman* states that leave to amend should be granted liberally, the court may deny the motion to amend where the complaint, as amended, could not withstand a motion to dismiss. *Neighborhood Development Corp. v. Advisory Council on Historic Preservation, Department of Housing and Urban Development, City of Louisville*, 632 F.2d 21, 23 (6th Cir.1980). Because Lawler's complaint as currently drafted will withstand a motion to dismiss, the district court's denial of Lawler's motion to amend was an abuse of discretion. While undue delay, bad faith, and dilatory motive may also be considered under *Foman*, the district court relied on the magistrate who recommended denial of the motion to amend solely on the analysis of whether the complaint could survive a motion to dismiss. Moreover, it is clear that leniency in the strictures of pleading should be shown to *pro se* plaintiffs:

> According opportunities for responsive pleadings to indigent litigants commensurate to the opportunities accorded similarly situated paying plaintiffs is all the more important because indigent plaintiffs so often proceed pro se, and therefore, may be less capable of formulating legally competent initial pleadings.

*Neitzke v. Williams*, 490 U.S. at ——, 109 S.Ct. at 1834, 104 L.Ed.2d at 350.

For the foregoing reasons, the district court's dismissal of Lawler's complaint under § 1915(d) is reversed and the case remanded for further proceedings in accordance with this decision.