904 F.2d 708
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jose RODRIGUEZ, Plaintiff-Appellant,
v.
John JABE; Robin Pratt; G.T. Lamb; R. Cole; R.
Niciporek; R. Mannin; K. Reedy; Jon Lake,
Defendants-Appellees.
 No. 90-1010.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1990.
 
 Before KRUPANSKY and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff, Jose Rodriguez, appeals a judgment of the district court which dismissed his civil rights action. He now moves for the appointment of counsel and a default judgment. Upon consideration of the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff, an inmate at the Jackson State Prison, tendered an application for leave to proceed in forma pauperis and a complaint pursuant to 42 U.S.C. Sec. 1983 in the District Court for the Eastern District of Michigan. As the basis of his request for injunctive relief, a declaratory judgment and monetary damages, plaintiff first related that he had undergone arthroscopic surgery on his left knee and, to aid in his recuperation, doctors had directed that he regularly take Motrin, walk on crutches and apply a hot water bottle to prevent swelling. Plaintiff further alleged that in contravention of those instructions, defendants Jabe, Pratt, Lamb, Cole, Niciporek and Mannin, all of whom served in non-medical positions at Jackson State Prison, had prevented his receipt of those items. Conversely, the complaint contained no specific allegations concerning defendants Reedy and Lake, both of whom were on the prison medical staff.
 
 
 3
 Upon consideration of those allegations, the district court granted the request for pauper status. The district court also determined, however, that plaintiff's claims were frivolous and dismissed the complaint under 28 U.S.C. Sec. 1915(d). Plaintiff then filed this appeal.
 
 
 4
 The Supreme Court has recently held that the scope of 28 U.S.C. Sec. 1915(d) is extremely limited so that a district court may properly dismiss an action filed in forma pauperis for reason of frivolity only if the plaintiff's claims lack an arguable basis in either law or fact. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). This court in turn has described claims lacking an arguable basis in law as those premised upon a non-existent right or directed toward a party who was clearly not involved in the plaintiff's injuries. A complaint lacks an arguable basis in fact, on the other hand, when the allegations contained therein are clearly delusional. Lawler v. Marshall, 898 F.2d 1196, 1198-99 (6th Cir.1990).
 
 
 5
 The district court correctly applied those standards to dismiss plaintiff's claims against defendants Lake and Reedy. Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries. Hence, the complaint presents no legal theory to support a cause of action under 42 U.S.C. Sec. 1983 against defendants Lake and Reedy for violation of his eighth amendment rights.
 
 
 6
 Conversely, the district court did err in concluding that plaintiff's claims against defendants Jabe, Pratt, Lamb, Cole, Niciporek and Mannin were frivolous within the meaning of 28 U.S.C. Sec. 1915(d). As to those defendants, the complaint alleges that, contrary to the directions of the physicians treating plaintiff, they had interfered with his receipt of various articles needed to assist in his recovery. Such allegations are legally adequate to support a cause of action under the eighth amendment for deliberate indifference to a prisoner's reasonable medical needs. Byrd v. Wilson, 701 F.2d 591, 594-95 (6th Cir.1983) (per curiam). Moreover, plaintiff's allegations against defendants Jabe, Pratt, Lamb, Cole, Niciporek and Mannin do not lack an arguable basis in fact as the record provides no indication that they are the product of delusion on his part. As a result, plaintiff's claims against those defendants are not presently frivolous so as to be subject to dismissal under 28 U.S.C. Sec. 1915(d).
 
 
 7
 Accordingly, the motions for appointment of counsel and a default judgment is denied and that portion of the district court's judgment dismissing plaintiff's claims against defendants Lake and Reedy is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit. Furthermore, the district court's judgment, insofar as it dismissed the claims against defendants Jabe, Pratt, Lamb, Cole, Niciporek and Mannin, is hereby vacated and the case remanded for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.