933 F.2d 1011
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie YASCONE, Plaintiff-Appellant,
v.
GRAFTON CORRECTIONAL INSTITUTION, SUPT. OF, Connie Cook,
Case Manager, Defendants-Appellees.
 No. 90-3945.
 United States Court of Appeals, Sixth Circuit.
 May 29, 1991.
 
 1
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Willie Yascone is a pro se Ohio prisoner who appeals the dismissal of a civil rights case that he had brought under 42 U.S.C. Sec. 1983. His case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Yascone sought monetary damages as well as an injunctive relief alleging that his constitutional right to have access to the courts had been violated by the defendants' mishandling of his legal mail. On September 27, 1990, the district court dismissed Yascone's complaint under 28 U.S.C. Sec. 1915(d), because it found that he had alleged only negligent conduct that was not cognizable under Sec. 1983. It is from this order that Yascone now appeals. His brief on appeal contains a request for counsel.
 
 
 4
 A complaint may be dismissed as frivolous under Sec. 1915(d) only when "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Thus, a complaint may be dismissed under Sec. 1915(d) if it relies on a legal interest which clearly does not exist or on a factual scenario that is fantastic or delusional. Id. at 327-28. However, an indigent plaintiff who states an arguable claim is entitled to service of process even when it appears that he ultimately may not be entitled to relief. Id. at 329-30. Yascone's claim for injunctive relief satisfies this minimal standard. See Bounds v. Smith, 430 U.S. 817, 824-25 (1977); Lawler v. Marshall, 898 F.2d 1196, (6th Cir.1990).
 
 
 5
 Accordingly, Yascone's motion for counsel is denied, the district court's judgment of dismissal is reversed, and the case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation