959 F.2d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James R. COATS, Plaintiff-Appellant,
v.
W. Jeff REYNOLDS, et al., Defendants-Appellees.
 No. 91-6422.
 United States Court of Appeals, Sixth Circuit.
 April 2, 1992.
 
 1
 Before KEITH and SILER, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 James R. Coats, a pro se Tennessee prisoner, appeals a district court order dismissing his civil rights action as frivolous under 28 U.S.C. § 1915(d). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On July 26, 1990, Coats was placed in involuntary administrative segregation (IAS) at the Tennessee State Penitentiary on drug charges. Defendant Morgan, the penitentiary's warden, approved the segregation on the same day. Following a hearing on July 30, 1990, a hearing panel approved Coats's segregation and recommended that he be transferred to another facility.
 
 
 4
 Seeking monetary, declaratory, and injunctive relief, Coats sued several Tennessee correctional personnel in their individual and official capacities. Coats filed his action pursuant to 42 U.S.C. § 1983 alleging that: (1) he was denied the right to have the reporting prison official present to testify as to the reasons for his segregation, (2) he was deprived of his right to present witnesses on his behalf, (3) he was convicted on confidential evidence which was not verified, (4) he was denied the right to be heard within a reasonable period of time, (5) he was deprived of an impartial disciplinary board, and (6) he did not receive notice of the evidence which was intended to be used against him prior to the hearing. The case was referred to a magistrate judge who recommended the suit be dismissed as frivolous under 28 U.S.C. § 1915(d). Over Coats's objections, the district judge adopted the magistrate judge's report. Coats filed this timely appeal raising the same issues he presented to the district court. Coats requests oral argument and the appointment of counsel.
 
 
 5
 Although Coats's complaint may arguably state a basis in law and fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990), we affirm the district court's judgment for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990); Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 6
 Upon de novo review, we conclude that Coats's complaint fails to state a cause of action for which relief may be granted. See Meador v. Cabinet of Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990). Cf. Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983). Coats received adequate due process required for administrative segregation. See Hensley v. Wilson, 850 F.2d 269, 283 (6th Cir.1988); Childs v. Pellegrin, 822 F.2d 1382, 1386-87 (6th Cir.1987). He was not entitled to the heightened protections afforded under Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).
 
 
 7
 Accordingly, we deny the requests for relief and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation