961 F.2d 1576
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary Ray ASHCRAFT, Plaintiff-Appellant,
v.
Layman STARKS, Police Chief, Carrollton City Police
Department; Carroll County Fiscal Court; Charlie
Webster, Mayor, Defendants-Appellees.
 No. 91-6495.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1992.
 
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and RONEY, Senior Circuit Judge.*
 
 ORDER
 
 1
 Gary Ray Ashcraft, a pro se Kentucky prisoner, appeals a district court's order dismissing his civil rights action as frivolous under 28 U.S.C. § 1915(d). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ashcraft was incarcerated at the Carrollton, Kentucky city police and fire station between December 5, 1989, and January 18, 1990. Seeking monetary and injunctive relief, Ashcraft sued Layman Starks, Carrollton's police chief; Charlie Webster, Carrollton's mayor; and the Carroll County Fiscal Court under 42 U.S.C. § 1983 contending the conditions of his jail cell violated his Eighth Amendment rights under the United States Constitution, and that the defendants-appellees demonstrated deliberate indifference to a serious medical need by not providing him with medical treatment. Ashcraft did not allege how the named defendants personally violated his constitutional rights. The case was referred to a magistrate judge who recommended the suit be dismissed as frivolous under 28 U.S.C. § 1915(d). Over Ashcraft's objections, the district court adopted the magistrate judge's report. Ashcraft filed this timely appeal raising the same issues he presented to the district court. He requests oral argument and the appointment of counsel.
 
 
 3
 Although Ashcraft's complaint may arguably state a basis in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990), we affirm the district court's judgment for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990); Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 4
 Upon de novo review, we conclude that Ashcraft's complaint failed to state a cause of action for which relief may be granted. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990). Cf. Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983). Ashcraft's allegations do not rise to the level of a constitutional violation. See Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991); Pembaur v. City of Cincinnati, 475 U.S. 469, 477-81 (1986); Monell v. New York Dep't of Social Servs., 436 U.S. 658, 691-95 (1978); Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). Further, the complaint is barred by Kentucky's one-year statute of limitations. See Collard v. Kentucky Bd. of Nursing, 896 F.2d 179, 182 (6th Cir.1990).
 
 
 5
 Accordingly, we deny the requests for relief and affirm the district court's memorandum opinion. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul H. Roney, Senior Circuit judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation