961 F.2d 1579
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James SORRELLS, Plaintiff-Appellant,
v.
W. Jeff REYNOLDS; Jack Morgan; Al Rivers; Louie Kirby;
William Chambers; James Bond; Maggie Norvell, in
their individual and official
capacities, Defendants-Appellees.
 No. 91-6443.
 United States Court of Appeals, Sixth Circuit.
 May 14, 1992.
 
 Before DAVID A. NELSON and SILER, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff, James Sorrells, moves for counsel in this appeal of the district court's sua sponte dismissal of his prisoner civil rights complaint brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff is a state prisoner currently incarcerated at the Riverbend Maximum Security Institution in Nashville, Tennessee. At the time of the events complained of, he was incarcerated at the Tennessee State Penitentiary (TSP) in Nashville. On July 26, 1990, plaintiff was placed in involuntary administrative segregation (IAS) because of his suspected involvement in a drug ring at TSP. On July 31, 1990, a disciplinary board approved plaintiff's administrative segregation. The placement was approved by the warden at TSP. Plaintiff remained in segregation for approximately four months. His status was reviewed periodically.
 
 
 3
 Plaintiff filed this action pro se in March 1991, claiming a series of due process violations that allegedly occurred during the course of his segregation proceedings. Specifically, he alleged that he was denied the right to have the reporting official present to testify to the reasons for IAS placement; that he was denied the right to present witnesses and evidence in his behalf at the hearing or to present his side of the story; that he was found guilty on the basis of confidential information, the reliability of which was not verified, and that he was denied the right to be heard within a reasonable time period. Plaintiff also challenged the impartiality of the disciplinary board, and claimed that he did not have notice of the evidence the institution intended to use against him in advance of the hearing.
 
 
 4
 Plaintiff named as defendants Tennessee Department of Corrections, Commissioner Jeff Reynolds, TSP Warden Jack Morgan, Internal Affairs Officer Al Rivers, Capt. Louie Kirby, and Disciplinary Board members Capt. William Chambers, James Bond, and Maggie Norvell. Plaintiff sued the defendants in their individual and official capacities for declaratory, injunctive, and monetary relief.
 
 
 5
 The matter was referred to a magistrate judge who issued a report recommending that the complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d). The magistrate judge held: 1) that plaintiff received all the process that was due under the circumstances; 2) that plaintiff's allegation that the disciplinary board was partial was conclusory, lacking any supporting factual statements; 3) that plaintiff received his hearing within a reasonable time period; and 4) that plaintiff's allegation that the disciplinary board impermissibly approved his administrative placement on the basis of unverified confidential information lacked legal support. Despite plaintiff's objections, the district court adopted the report and recommendation in a marginal order entered November 14, 1991.
 
 
 6
 Upon review, we conclude that the district court's dismissal in the pleading stage of the litigation was premature. Plaintiff's allegations have an arguable basis in law and are therefore actionable. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). The gist of plaintiff's legal claims is that he was not accorded the minimum requirements of due process when he was placed in administrative segregation. In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court required that inmates facing disciplinary charges for misconduct be accorded advance notice of the charges, the right to call witnesses and present evidence, an impartial tribunal, and a written statement of reasons relied on by the tribunal. Id. at 563-72. In addition, the use of confidential information has been restricted in Wolff -type disciplinary hearings. See Ponte v. Real, 471 U.S. 491, 499-500 (1985); Hensley v. Wilson, 850 F.2d 269, 276-83 (6th Cir.1988). The Supreme Court narrowed Wolff, however, in Hewitt v. Helms, 459 U.S. 460 (1983), holding that an inmate may be placed in "non-punitive" segregation without the Wolff procedures having been followed where the purpose is to safeguard institutional security or to facilitate an investigation of unresolved misconduct charges. Id. at 471-77; see Woodson v. Lack, 865 F.2d 107, 109 (6th Cir.1989).
 
 
 7
 In the case at bar the defendants assert that plaintiff was placed in IAS to safeguard institutional security, not for punishment. The record, however suggests that the placement in IAS may arguably have been punitive. Because the hearing in the instant case may arguably have been a disciplinary hearing, plaintiff's action is not frivolous within the meaning of 28 U.S.C. § 1915(d). See Woodson, 865 F.2d at 109-110.
 
 
 8
 Accordingly, the district court's order is vacated and the case remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit. The motion for counsel is denied.