963 F.2d 373
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elmer RUDD, Plaintiff-Appellant,
v.
W. Jeff REYNOLDS; Jack Morgan, Warden, TSP; Al Rivers;
Louie Kirby; Williams Chambers; Ronald Regan;
Maggie Norvell, Defendants-Appellees.
 No. 92-5025.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1992.
 
 Before DAVID A. NELSON and SILER, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Elmer Rudd, pro se, appeals a district court order dismissing a complaint filed by Rudd under 42 U.S.C. § 1983. The defendants include the Commissioner of the Tennessee Department of Corrections, the warden at the Tennessee State Penitentiary, and several other employees at that facility, including members of the disciplinary board. Rudd is suing these defendants in their official and individual capacities.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, Rudd alleged that the defendants denied him due process by placing him in involuntary administrative segregation (IAS) without a sufficient hearing. The placement in IAS followed an accusation by a confidential informant that Rudd was a participant in a prison drug ring. Rudd alleged that the defendants violated the Constitution by placing him in IAS without according him: 1) the right to confront witnesses against him; 2) the right to present his side of the issues; 3) the right to be heard within a reasonable time period after being notified of the prison's decision to take action against him; 4) the right to call witnesses on his own behalf at the hearing; 5) the right to have the reliability of confidential information verified by the disciplinary board; 6) the right to hear the evidence against him; 7) the right to be heard before an impartial and fair decision-making body; and 8) the right to have notice of the evidence intended to be used against him at the disciplinary hearing.
 
 
 4
 The matter was referred to a magistrate judge, who determined that under Hewitt v. Helms, 459 U.S. 460 (1983), there was no denial of due process because the segregation was "administrative" within the definition set forth in Hewitt. The magistrate judge recommended that the lawsuit be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d), but also recommended that any appeal taken from the decision should be deemed to be in good faith pursuant to 28 U.S.C. § 1915(a). The magistrate commented that the Sixth Circuit had not addressed the application to IAS proceedings of its holding in Hensley v. Wilson, 850 F.2d 269, 282-83 (6th Cir.1988), and therefore, any appeal by the plaintiff on this basis would not be frivolous. The district court adopted that report and recommendation, dismissing the case as frivolous under § 1915(d), but certifying that an appeal taken on dismissal of the one issue relating to Hensley would be taken in good faith.
 
 
 5
 Upon review, we conclude that the district court's dismissal in the pleading stage of the litigation was premature. Plaintiff's allegations have an arguable basis in law and are therefore actionable. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). The gist of plaintiff's legal claims is that he was not accorded the minimum requirements of due process when he was placed in administrative segregation. In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court required that inmates facing disciplinary charges for misconduct be accorded advance notice of the charges, the right to call witnesses and present evidence, an impartial tribunal, and a written statement of reasons relied on by the tribunal. Id. at 563-72. In addition, the use of confidential information has been restricted in Wolff-type disciplinary hearings. See Ponte v. Real, 471 U.S. 491, 499-500 (1985); Hensley v. Wilson, 850 F.2d 269, 276-83 (6th Cir.1988). The Supreme Court narrowed Wolff, however, in Hewitt v. Helms, 459 U.S. 460 (1983), holding that an inmate may be placed in "non-punitive" segregation without the Wolff procedures having been followed where the purpose is to safeguard institutional security or to facilitate an investigation of unresolved misconduct charges. Id. at 471-77; see Woodson v. Lack, 865 F.2d 107, 109 (6th Cir.1989).
 
 
 6
 In the case at bar, the defendants assert that plaintiff was placed in IAS to safeguard institutional security, not for punishment. The record, however, suggests that the placement in IAS may arguably have been punitive. Because the hearing in the instant case may arguably have been a disciplinary hearing, plaintiff's action is not frivolous within the meaning of 28 U.S.C. § 1915(d). See Woodson, 865 F.2d at 109-110.
 
 
 7
 Accordingly, the district court's order is vacated and the case remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit. The motion for counsel is denied.