993 F.2d 1547
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James A. MANIER, Petitioner-Appellant,
v.
U.S. PAROLE COMMISSION, Respondent-Appellee.
 No. 92-6696.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1993.
 
 Before MILBURN, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Petitioner, James A. Manier, a pro se federal prisoner presently incarcerated at the Federal Correctional Institution in Ashland, Kentucky, appeals a district court order dismissing, as frivolous, his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1977, petitioner was indicted in the United States District Court for the Eastern District of Michigan on two counts of first degree murder and on a third unspecified count which was later dismissed. Petitioner pleaded guilty to two counts of second degree murder and was sentenced to two concurrent terms of life imprisonment.
 
 
 3
 In his habeas petition, petitioner claimed that he was improperly denied parole release because: 1) the Parole Commission's decision to continue petitioner's confinement beyond the guideline range was not supported by the facts and was, therefore, a violation of substantive due process; 2) the Parole Commission's decision to continue petitioner's confinement beyond the guideline range was based upon information that had previously been used to place petitioner in a category 8 severity range and, therefore, the same facts could not be used again as reason to deny petitioner's release on parole (double-counting claim); 3) the Parole Commission's decision to continue petitioner's confinement beyond the guideline range was improperly based upon erroneous and non-factual information that the petitioner had threatened to kill two police officers and that the petitioner had shot a deaf mute; 4) the Parole Commission improperly denied petitioner release on parole pursuant to the more stringent 1987 Guidelines for decision-making, when the Commission should have utilized the pre-1987 Guidelines for decision-making; and 5) the Parole Commission was bound via equitable estoppel theory to release petitioner because various Bureau of Prisons personnel had advised petitioner that he would win parole if he exhibited model institutional behavior and, although he exhibited the requisite institutional behavior, he still was not granted release on parole in contravention of petitioner's engendered expectations of parole release.
 
 
 4
 The matter was referred to a magistrate judge who recommended that the petition be dismissed as frivolous, pursuant to 28 U.S.C. § 1915(d). The district court adopted the report and recommendation after reviewing petitioner's objections. On appeal, petitioner reasserts claims two, three and four above.
 
 
 5
 Initially, we note that petitioner does not assert claims one and five above on appeal. Therefore, these claims are considered abandoned and will not be reviewed. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion by dismissing the petition as frivolous within the meaning of 28 U.S.C. § 1915(d). See Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992). The petition lacks an arguable basis in law and in fact for the reasons stated by the magistrate judge, as adopted by the district court. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990).
 
 
 7
 Accordingly, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.