Fred CASH, et al., Plaintiffs,

v.

Arthur BROOKS, et al., Defendants.

No. 1:95–CV–41.

United States District Court,
E.D. Tennessee.

Dec. 1, 1995.

Michael A. McMahan, Nelson, McMahan, Parker & Noblett, Chattanooga, TN, David Wykoff, Nashville, TN, for plaintiffs.

Mitchell A. Byrd, Chattanooga, TN, for defendants.

Arthur Brooks, pro se.

Richard Brooks, pro se.

### MEMORANDUM

COLLIER, District Judge.

Before the Court are the motions of the defendants, Arthur Brooks and Richard Brooks to stay this litigation pending disposition of a related matter before the United States Patent and Trademark Office, Trademark Trial and Appeal Board (Court File No. 7), and to dismiss (Court File No. 9). This trademark infringement case was filed by the plaintiffs, Fred Cash and Sam Gooden, on February 8, 1995. Trial is set for February 20, 1996.

### I. FACTS

Plaintiffs bring this action alleging trademark infringement under 15 U.S.C. § 1051 *et seq.* Plaintiffs and defendants were members of a musical group called "The Impressions." Other individuals from time to time were also members of this musical group. Plaintiffs allege that in December 1962, the defendants left the group, leaving plaintiffs and another individual, Curtis Mayfield, as "The Impressions." "The Impressions," composed of the plaintiffs and Curtis Mayfield, continued to record and perform professionally. During this time period, "The Impressions" recorded many popular songs. In July 1969, Curtis Mayfield left the group. Since that time, several other individuals have joined and left the group. The group, composed of plaintiffs and these other indi-

viduals, was always called "The Impressions." Plaintiffs allege the public associates the name, "The Impressions," with the plaintiffs Curtis Mayfield, and the defendants did not use that name or perform under that name from the time they left "The Impressions" in 1961 until 1983. Since 1983, the defendants started to perform under the name "The Original Impressions Featuring the Brooks Brothers." Plaintiffs allege there is confusion in the marketplace because the defendants are sometimes advertised as "The Impressions." Plaintiffs allege their continued use of the name "The Impressions" entitled them to sole use, or superior use, of the name. Plaintiffs seek an injunction restraining the defendants from infringing upon the mark "The Impressions," and other equitable and legal relief.

On May 16, 1995, the U.S. Patent Office, Trademark Trial and Appeal Board, issued an order suspending all proceedings in the matter before that board, pending disposition of this civil case. In that order, the board acknowledged that it has no primary jurisdiction or special expertise with regard to matters of this type. It also indicated that its normal practice is to suspend its proceedings pending disposition of related civil matters. Finally, the board noted that it would resume these proceedings only if this Court suspended action in deference to the board.

## II. *MOTION TO STAY THE PROCEEDINGS*

■ The defendants, in support of their motion to stay these proceedings, argued the plaintiffs have not exhausted their administrative remedies because of the pending matter before the Trademark Trial and Appeal Board, and because of their assertion that the Trademark Trial and Appeal Board has special expertise and specialized knowledge in this case and under the doctrine of primary jurisdiction should be relied upon and deferred to in resolving this matter.

In view of this order issued by the Trademark Trial and Appeal Board, it is clear that the defendants' motion to stay is not well taken. The Trademark Trial and Appeal Board itself disavows any special expertise that it has in deciding such matters. More-

over, since it has stayed all proceedings in that action pending resolution of the matter in this Court, a stay would not be appropriate.

## III. *STANDARD FOR DISMISSAL*

A motion to dismiss under *Fed.R.Civ.P.* 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.), *cert. denied,* 498 U.S. 867, 111 S.Ct. 182, 112 L.Ed.2d 145 (1990); *see also Cameron v. Seitz,* 38 F.3d 264, 270 (6th Cir.1994). The Court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir.1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir.1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller,* 50 F.3d at 377. However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

## IV. *DISCUSSION*

■ The defendants move pursuant to Rule 12(b)(1) of the *Fed.R.Civ.P.* to dismiss this case for lack of subject matter jurisdiction. Defendants argue the plaintiffs have failed to allege an ownership interest in a registered trademark. Accordingly, they argue that counts one and three of the complaint fail to state valid federal claims under the trademark laws. They argue that count three fails to identify a valid common-law trademark infringement action that may be joined with a federal claim. And they argue that count four fails to identify a state cause of action that can be joined with a federal

claim. Lastly, they argue that no diversity of citizenship exists.

On June 5, 1995, plaintiffs amended their complaint to include an allegation that they own the trademark "The Impressions." Thus, the alleged defect in the complaint urged by the defendants has now been corrected.

■ In ruling on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. At this point in the proceedings, the Court must concern itself only with the pleadings, and must determine whether under any construction the complaint states a set of facts upon which relief can be granted. Using that standard, the Court notes that the original complaint contains sufficient facts to justify a conclusion that the plaintiffs own the trademark "The Impressions." *Baker v. Parris,* 777 F.Supp. 299 (S.D.N.Y.1991). The Court also notes there is authority holding that the *Lanham Act* protects names of popular musical recording groups even though that name is not a registered trademark. *Grondin v. Rossington,* 690 F.Supp. 200 (S.D.N.Y.1988).

## V. *CONCLUSION*

Having carefully considered the contentions of the defendants, the response of the plaintiffs, the applicable facts as alleged in the complaint and pleadings, and having examined the applicable law, the Court will **DENY** the defendants' motion for stay, and will **DENY** the motion to dismiss.

An Order will enter.

### *ORDER*

It is hereby **ORDERED** that the defendants' motion to stay (Court File No. 7) is **DENIED.** Further, it is hereby **ORDERED** that the defendants' motion to dismiss (Court File No. 9) is **DENIED.**

**SO ORDERED.**