89 F.3d 832
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary CASTLE; and Richard Wiley, Plaintiffs-Appellants,
v.
Dale OAKS; Mark Bell; Robert McLaughlin; Dave Light;
Todd Temple; Scott Brittain; Gary Higgins; Dave Ditz;
Kevin Cashen; Nancy Frey; Clark Hunter; Richard Woodruff;
and Marcie Walker, Defendants-Appellees.
 Nos. 94-3905, 94-3924.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1996.
 
 Before: MARTIN, JONES, and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This action arises out of the execution of search warrant on June 3, 1991, at the home of Mary Castle and Richard Wiley, and the subsequent disposition of some of the property seized as a result of the search. On November 16, 1992, the plaintiffs filed this pro se action pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3) and 1986. The defendants are seven Norwalk, Ohio police officers, the Clerk of the Norwalk Municipal Court, three Huron County Sheriff's Department officers, the Clerk of the Huron County Court of Common Pleas, and a Huron County Assistant Prosecutor. On September 3, 1993, all of the "Huron County" defendants moved for summary judgment on all counts against them. On November 4, 1993, the district court granted the Huron County defendants' motion. On November 17, 1993, all of the "Norwalk" defendants moved for summary judgment on all counts against them. On December 13, 1993, counsel entered an appearance on behalf of the plaintiffs. On January 3, 1994, plaintiffs moved for an order dismissing their action without prejudice and with a right to refile pursuant to Fed.R.Civ.P. 41(a)(2). On February 11, 1994, the district court granted plaintiffs' motion to dismiss without prejudice as to the Norwalk defendants. In the same order, the court entered judgment dismissing the Huron County defendants with prejudice, pursuant to its November 4, 1993 award of summary judgment in favor of the Huron County defendants.
 
 
 2
 On March 1, 1994, plaintiffs moved the district court to alter or amend its February 11 judgment pursuant to Rules 52 and 59 of the Federal Rules of Civil Procedure. On March 16, the Huron County defendants filed a post-judgment motion for costs and sanctions against the plaintiffs and their counsel, alleging Rule 11 violations. On May 5, plaintiffs filed a motion for leave to file a final supplemental memorandum of law in support of their motion to alter the February 11 judgment and a motion for leave to file an amended complaint. On July 14, the district court entered an order denying the plaintiffs' motions to alter or amend its February 11 judgment and denying leave to file an amended complaint. The district court also denied defendants' motion seeking to have sanctions imposed. Plaintiffs timely filed an appeal from the district court's July 14 order. Defendants cross-appealed the district court's refusal to impose sanctions against the plaintiffs and their counsel.
 
 
 3
 Normally, we review the district court's decision to grant or deny a motion seeking leave to amend a complaint for abuse of discretion. Lawler v. Marshall, 898 F.2d 1196, 1200 (6th Cir.1990). If the district court's denial of leave to amend the complaint is premised upon a legal conclusion that the complaint, as amended, would not withstand a motion to dismiss, we conduct a de novo review. LRL Properties v. Portage Metro Hous. Auth., 55 F.3d 1097, 1104 (6th Cir.1995). Here, the district court denied plaintiffs' motion for leave to file an amended complaint primarily because the motion was filed well after the court had entered a final judgment awarding summary judgment to the Huron County defendants and dismissing without prejudice the Norwalk defendants. Accordingly, we will review the district court's denial of leave to file the amended complaint for abuse of discretion.
 
 
 4
 Similarly, we review the district court's denial of a motion to alter or amend its judgment for abuse of discretion. Columbia Gas Transmission, Corp. v. Limited Corp., 951 F.2d 110, 112 (6th Cir.1991). However, when the Rule 59(e) motion seeks reconsideration of an award of summary judgment, we review the denial de novo. Id. Nonetheless, here the plaintiffs did not seek substantive reconsideration of the district court's award of summary judgment in favor of the Huron County defendants. Instead, the plaintiffs sought to have the district court amend its award of summary judgment and dismissal with prejudice in favor of the Huron County defendants in order to be able to assert new claims against these defendants and receive the benefit of Fed.R.Civ.P. Rule 15(c), which allows some amendments to a complaint to relate back to the date of the original filing of the complaint. Because the plaintiffs were not seeking a substantive reconsideration of the merits of the district court's summary judgment award as to the Huron County defendants, we will review the district court's denial of the motion to alter or amend its judgment for abuse of discretion. Plaintiffs also sought to have the district court alter its dismissal without prejudice of the Norwalk defendants--awarded upon the plaintiffs' own motion--in order to receive the benefit of Rule 15(c). After careful review of the record we find that the district court did not abuse its discretion in denying plaintiffs' motion to amend its judgment, and in denying plaintiffs' motion for leave to file an amended complaint.
 
 
 5
 We also review the district court's refusal to impose sanctions under Rule 11 for an abuse of discretion. Vild v. Viconsi, 956 F.2d 560, 570 (6th Cir.), cert. denied, 506 U.S. 832 (1992). The district court did not abuse its discretionary authority by refusing to impose sanctions here.
 
 
 6
 Accordingly, we AFFIRM based on the district court's order dated July 14, 1994.