Reginald ANDERSON, Plaintiff–
Appellant,

v.

GENERAL MOTORS CORP., United Auto Workers—Local 659, and the International Union, United Automobile, Aerospace, Agricultural Implement Workers of America, Defendants–Appellees.

No. 00–1844.

United States Court of Appeals,
Sixth Circuit.

May 8, 2002.

Before MARTIN, Chief Circuit Judge; COLE, Circuit Judge; and SHARP, District Judge.*

PER CURIAM.

Plaintiff, Reginald Anderson appeals the district court's denial of his motion to amend his complaint and its grant of summary judgment to defendants General Motors Corporation, United Auto Workers— Local 659, and The International Union, United Automobile, Aerospace, Agricultural Implement Workers of America—UAW (United Auto Workers). We AFFIRM.

I.

In August 1977, Anderson began working for General Motors. General Motors laid-off Anderson on June 28, 1980. In1984, General Motors recalled Anderson to work at its Central Foundry Division. While at the Central Foundry Division, Anderson was represented by United Auto Workers—Local 653. On December 14, 1987, General Motors again laid-off Anderson.

When Anderson was laid off for the second time, his relationship with General Motors was governed by the 1987 Collective Bargaining Agreement between General Motors and United Auto Workers.

Paragraph 59 of the Agreement provides as follows:

When changes in methods products or policies would otherwise require the permanent laying off of employees, the seniority of the displaced employees shall become plant-wide and they shall be transferred out of the group in line with their seniority to work they are capable of doing as comparable to the work they have been doing as may be available at the rate of the job to which they have been transferred.

Appendix A of the Agreement contains the following language:

Employees with seniority laid off from General Motors plants in a given community and who make application will be given preference over other applicants, provided their previous experience in General Motors shows they are qualified for the job.

Appendix A further provides, "[T]he above provisions shall not be the basis for any claims for back wages or any other form of retroactive adjustments."

In 1995, Anderson discovered that two of his former co-workers had returned to General Motors. Because Anderson believed he had seniority over both men, he asked his Local 653 representative to explain why he had not been recalled. The Local 653 representative explained that Anderson was on "voluntary termination" status because he failed to return his General Motors recall notification.

Anderson indicated that he never received a recall notification and his Local 653 representative took steps to have him rehired. In January 1996, Anderson started work at the General Motors V–8 Powertrain Plant. Anderson's "seniority date" was reinstated to January 7, 1985. While at the V–8 Powertrain Plant, Anderson was represented by United Auto Workers—Local 659.

Before starting at the V–8 Powertrain Plant, Anderson had informed his Local 653 representative that he wanted back pay and benefits for the nine year period during which General Motors did not recall him to work. Pursuant to his Local 653 representative's advice, however,

---

* The Honorable G. Kendall Sharp, United States District Judge for the Middle District of Florida, sitting by designation.

Anderson returned to General Motors before submitting a grievance to his new, Local 659, representative.

Local 659 denied Anderson's grievance request, but advised Anderson that he could appeal its decision. The United Auto Workers International Appeals Committee ultimately denied Anderson's appeal. Citing Appendix A of the 1987 Collective Bargaining Agreement, the Appeals Committee reasoned that Local 659 could not file a legitimate grievance on Anderson's behalf because (1) "under the relevant [1987 Collective Bargaining Agreement], strict adherence to recall-by-seniority was not required" and (2) an erroneous recall "cannot be the basis for any claim for back wages or any form of retroactive adjustments."

On May 11, 1999, Anderson filed a "hybrid" action, under the Labor Management Relations Act, 29 U.S.C. § 185 *et seq.*, in the United States District Court for the Eastern District of Michigan against General Motors, Local 659, and United Auto Workers. In Counts I and III of his complaint, Anderson claims that General Motors breached the 1987 Collective Bargaining Agreement and negligently failed to recall him for employment. In Count II, Anderson claims that Local 659 and United Auto Workers breached their duty of fair representation.

During discovery, Anderson sought leave to amend his complaint to include United Auto Workers—Local 653 as a defendant. The district court denied his motion to amend and his subsequent motion to reconsider.

The district court granted summary judgment in favor of defendants and Anderson appealed.

## II.

We review the district court's denial of Anderson's motion to amend for an abuse of discretion. *Lawler v. Marshall,* 898 F.2d 1196, 1200 (6th Cir.1990). Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." FED. R. CIV. PROC. 15(a). When a proposed amended complaint does not state a cause of action, however, a motion to amend is properly denied. *Neighborhood Development Corp. v. Advisory Council on Historic Preservation,* 632 F.2d 21, 23 (6th Cir. 1980).

In his proposed amended complaint, Anderson names Local 653 individually as a defendant. Anderson, however, asserts his claim for breach of the duty of fair representation against Local 653, Local 659, and United Auto Workers collectively, referring to the three entities as "the Union." Anderson's sole allegation against "the Union" is based upon the alleged "failure of the Union to timely request arbitration of [Anderson's] grievance."

Neither Anderson's proposed amended complaint nor his appellate briefs suggest that Anderson submitted a grievance to Local 653. Because Anderson does not purport to have submitted a grievance to Local 653, his claim that Local 653 failed to timely request arbitration of his grievance does not state a cause of action. Accordingly, the district court properly denied his motion to amend.

## III.

A "hybrid" action under the Labor Management Relations Act involves a "direct challenge to the private settlement of disputes under [an applicable collective bargaining agreement]." *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 165, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) (internal citation and punctuation omitted). Generally, an employee covered by a collective bargaining agreement that provides for

binding grievance and arbitration procedures is bound by the results of those procedures. *Id.* at 163–64, 103 S.Ct. 2281. When the union representing the employee in the grievance procedure acts in a discriminatory, dishonest or arbitrary fashion, however, an employee may bring suit against both the employer and the union, notwithstanding the outcome of the grievance proceedings. *Id.*

To prevail in a hybrid action, an employee must show both that the employer breached the collective agreement *and* that the union breached its duty of fair representation. *Id.* at 164–65, 103 S.Ct. 2281. Therefore, unless Anderson can demonstrate that United Auto Workers or Local 659 breached its duty of fair representation, all three defendants are entitled to summary judgment on his hybrid claims.

A union breaches its "statutory duty of fair representation ... when [its] conduct toward a member of the collective bargaining unit is [1] arbitrary, [2] discriminatory, or [3] in bad faith." *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Anderson does not claim discrimination or bad faith. Accordingly, unless United Auto Workers or Local 659 acted arbitrarily, summary judgment is appropriate on Anderson's hybrid claims.

"[A] union's actions are arbitrary *only if,* in light of the factual and legal landscape at the time of the union's actions, *the union's behavior is so far outside a wide range of reasonableness[ ] as to be irrational."* *Air Line Pilots Assoc. Int'l v. O'Neill,* 499 U.S. 65, 67, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991) (emphasis added). Although a union's duty of fair representation includes undertaking a "reasonable investigation," neither poor judgment nor negligence will establish a breach of the duty of fair representation. *Black v. Ry-*

*der/P.I.E. Nationwide, Inc.,* 15 F.3d 573, 584 (6th Cir.1994).

Anderson claims United Auto Workers and Local 659 erroneously applied the provisions of Appendix A of the 1987 Collective Bargaining Agreement in determining not to proceed with his grievance. He argues that he submitted his grievance pursuant to General Motors's past practices and paragraph 59 of the 1987 Collective Bargaining Agreement and that Appendix A does not apply.

Paragraph 59 deals with intra-plant seniority for determining the order of employee lay-offs; it does not address seniority-based recalls. Similarly, Appendix A does not on its face apply to seniority-based recalls. Unlike paragraph 59, however, Appendix A expressly addresses seniority based hiring decisions. Therefore, Appendix A seems more applicable to Anderson's grievance.

Accordingly, the application of Appendix A does not seem "so far outside a wide range of reasonableness as to be irrational." Because the decision not to pursue Anderson's grievance was not arbitrary, the district court properly granted defendants summary judgment on Anderson's hybrid claims.

## IV.

In Count III of his Complaint, Anderson claims that General Motors negligently failed to recall him for employment. In order to state a cognizable negligence claim under Michigan law, Anderson must show that General Motors owed him a duty or obligation to avoid negligent conduct. *See Moning v. Alfono,* 400 Mich. 425, 254 N.W.2d 759, 764 (1977). Anderson claims that General Motors breached its duty "[t]o recall individuals who were laid off according to seniority."

Any such duty would have to stem from the 1987 Collective Bargaining Agreement.

 The Labor Management Relations Act preempts claims that are "inextricably intertwined with considerations of the terms of [a collective bargaining agreement]." *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 213, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). In effect, Anderson claims that General Motors negligently failed to meet its obligation to recall him to employment under the terms of the 1987 Collective Bargaining Agreement; therefore, his claim is inextricably intertwined with considerations of the terms of that agreement. Accordingly, the Labor Management Relations Act preempts Anderson's negligence claim.

## V.

For the foregoing reasons we AFFIRM the district court's decision in all respects.