Kevin B. GUNNELL, Plaintiff–
Appellant,

v.

Bob TAFT, et al., Defendants–
Appellees.

No. 02–3498.

United States Court of Appeals,
Sixth Circuit.

Dec. 5, 2002.

Before RALPH B. GUY, JR. and
BOGGS, Circuit Judges; and EDMUNDS,
District Judge.*

*ORDER*

Kevin B. Gunnell, an Ohio state prisoner, moves for a default judgment and appeals pro se a district court order dismiss-

---

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

ing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory, injunctive, and monetary relief, Gunnell filed this action against the governor of Ohio, numerous Ohio state court judges, prosecutors, attorneys, detectives, and a court stenographer, alleging that defendants had conspired against him based on his race to wrongfully convict him and uphold his conviction. A magistrate judge screened the complaint pursuant to 28 U.S.C. § 1915A and recommended that it be dismissed for failure to state a claim, because Gunnell could not bring a § 1983 action which implied that his current incarceration was invalid. The district court adopted this recommendation over Gunnell's objections, and ordered the complaint dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The district court also denied Gunnell's motion for relief from judgment. On appeal, Gunnell argues that his cause of action has accrued because a state court has, declared his conviction invalid.

Upon review, we conclude that this complaint was properly dismissed for failure to state a claim, as it is beyond doubt that Gunnell could prove no facts which would entitle him to relief. *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir.1990).

No § 1983 action may be pursued which implies the invalidity of a conviction unless that conviction has been overturned, expunged, invalidated or called into question by other means. *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Gunnell is currently serving a sentence of six to twenty-five years of imprisonment based on his 1992 guilty plea to a charge of involuntary manslaughter. His argument that a state court has invalidated his conviction is utterly frivolous. In support of his argument, he submits a state court order denying his motion to withdraw his plea, and an order denying his mandamus petition. Gunnell's attempts to seek relief from his conviction in both of these proceedings were unsuccessful. He points to language in which the state court refers to the "uncharged offense of complicity" as evidence that the state court held that the indictment did not charge him with an offense. The indictment in Gunnell's case may have failed to charge him with any number of crimes, but he still entered a guilty plea to involuntary manslaughter, and the resulting conviction has not been overturned. Therefore, *no cause of action under § 1983 has accrued.*

Gunnell's motion for default judgment is also frivolous. The motion is based on the allegation that the defendants have failed to file a brief in this court. The court did not issue a briefing schedule to the defendants because this matter was disposed of sua sponte by the district court upon initial screening under § 1915A.

Accordingly, the motion for default judgment is denied and the district court's order dismissing this complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.