983 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kathryn P. HENSLER, Petitioner-Appellant,
v.
Margaret C. HAMBRICK, Warden, Respondent-Appellee.
 No. 92-5810.
 United States Court of Appeals, Sixth Circuit.
 Dec. 17, 1992.
 
 Before KENNEDY and BATCHELDER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner, Kathryn P. Hensler, appeals the district court's order and judgment dismissing, as frivolous, her petition filed under 28 U.S.C. § 2255. Petitioner requests the appointment of counsel and a transcript at government expense in her appellate brief. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On December 4, 1991, petitioner was convicted in the United States District Court for the Western District of Texas, of violating 18 U.S.C. § 876. Subsequently, petitioner's attorney requested the trial court to conduct a hearing to determine whether petitioner was competent during the trial proceedings of December 4, 1991, and whether she was competent to proceed to sentencing. Additionally, petitioner, pro se, also moved to stay the criminal action pending a psychiatric examination.
 
 
 3
 On February 11, 1992, the trial court granted petitioner's motion for a psychiatric examination and committed her to the custody of the U.S. Bureau of Prisons for a psychiatric study pursuant to 18 U.S.C. § 3352(b). At that time, petitioner was not sentenced on the underlying conviction for violating 18 U.S.C. § 876.
 
 
 4
 At the time her petition was filed, petitioner was confined at the Federal Medical Center (FMC), in Lexington, Kentucky, pursuant to the February 11, 1992, order for psychiatric examination. In her petition, petitioner claimed her constitutional rights pursuant to the First, Fourth, Fifth, Sixth, Eighth, Twelfth and Fourteenth Amendments were violated.
 
 
 5
 The matter was referred to a magistrate judge. The magistrate judge noted that petitioner filed her petition pursuant to 28 U.S.C. § 2255, which authorizes the filing of a habeas corpus petition in the sentencing court. Because petitioner had not been sentenced in the underlying criminal action, the magistrate judge concluded that 28 U.S.C. § 2255 was inapplicable. The magistrate judge, thereafter, construed the federal habeas corpus petition as filed under 28 U.S.C. § 2241.
 
 
 6
 In analyzing the petition under § 2241, the magistrate judge recommended that the petition be dismissed as frivolous, pursuant to 28 U.S.C. § 1915(d), because remedies for the complaints raised therein were still available to petitioner in the trial court, since she had not been sentenced in the underlying criminal action, and the issues were also subject to being raised on appeal. The district court adopted the report and recommendation after reviewing petitioner's objections.
 
 
 7
 Upon review, we conclude that the district court did not abuse its discretion by dismissing the petition as frivolous within the meaning of 28 U.S.C. § 1915(d). See Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992). The petition lacks an arguable basis in law for the reasons stated by the magistrate judge, as adopted by the district court. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990).
 
 
 8
 Accordingly, the request for counsel and for a transcript at government expense is denied and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.