985 F.2d 559
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Calvin BUCHANAN, Plaintiff-Appellant,
v.
Karen DEFEW, Administrator of Offender Records; Correction
Cabinet Officials, Defendants-Appellees.
 No. 92-5720.
 United States Court of Appeals, Sixth Circuit.
 Jan. 22, 1993.
 
 1
 Before KEITH and BOGGS, Circuit Judges, and GIBBONS, District Judge.*
 
 ORDER
 
 2
 Calvin Buchanan, a pro se Kentucky resident, appeals a district court order dismissing his civil action filed under 28 U.S.C. § 2254 and 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Buchanan sued multiple Kentucky correctional officials in their individual and official capacities alleging that he was being subjected to cruel and unusual punishment by being confined past his scheduled release date. Buchanan requested that the court issue an injunction ordering his release in addition to monetary damages. Upon de novo review of the magistrate judge's report in light of Buchanan's objections, the district court held that Buchanan could not obtain habeas corpus relief in the form of a § 1983 action. Furthermore, to the extent that he sought habeas relief, the request was denied because Buchanan had not exhausted his available state court remedies. The district court dismissed Buchanan's civil rights allegations as frivolous under 28 U.S.C. § 1915(d).
 
 
 4
 Buchanan filed a timely motion for reconsideration under Fed.R.Civ.P. 59. In his motion, Buchanan notified the court that he had been released from custody. The district court denied the motion and further held that Buchanan's habeas request was denied as moot in light of his release. Buchanan filed this timely appeal abandoning his habeas request and essentially arguing that the defendants violated his civil rights by confining him beyond his scheduled release date.
 
 
 5
 Because Buchanan has abandoned his habeas corpus claim, only his civil rights allegations are reviewable on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Although Buchanan's complaint may state a basis in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990), we affirm the district court's judgment for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990); Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 7
 A de novo review shows that Buchanan's complaint fails to state a claim for which relief may be granted. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990). Buchanan's mere conclusions and opinions do not link the defendants to any deprivation of his constitutional rights. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 8
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julia S. Gibbons, U.S. District Judge for the Western District of Tennessee, sitting by designation