993 F.2d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bob C. WARREN, Sr., Plaintiff-Appellant,
v.
CITY OF GRAND RAPIDS, Defendant-Appellee.
 No. 92-1813.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1993.
 
 Before KENNEDY and SILER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Bob C. Warren, Sr., a pro se Michigan resident, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Warren sued the City of Grand Rapids, Michigan, alleging that his car was wrongfully impounded. Although he apparently attempted to procure its return in a state court action, his attempt was unsuccessful. The district court dismissed Warren's cryptic and incoherent complaint as frivolous under 28 U.S.C. § 1915(d), concluding that no Fourteenth Amendment due process violation existed because Michigan provided an adequate post-deprivation remedy.
 
 
 3
 Warren has filed this timely appeal. In his rambling brief, Warren essentially argues that the district court erred by concluding that Michigan's post-deprivation remedies were adequate.
 
 
 4
 The dismissal of the complaint pursuant to 28 U.S.C. § 1915(d) is reviewed under the abuse of discretion standard. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A district court may dismiss a complaint as frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). Claims that lack an arguable basis in law include claims of infringement of a legal interest which clearly does not exist. Neitzke, 490 U.S. at 327-28; Lawler, 898 F.2d at 1198-99.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Warren's complaint as frivolous. See Denton, 112 S.Ct. at 1734. The police impounded Warren's car under circumstances requiring quick state action to secure the safety of the streets, and hence predeprivation notice simply was not practical. Zinermon v. Burch, 494 U.S. 113, 136-39 (1990); Parratt v. Taylor, 451 U.S. 527, 539 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327, 329-31 (1986). As Warren has an adequate state court remedy at his disposal to secure the return of his car, no due process claim arose under the circumstances of this case. Parratt, 451 U.S. at 539; Wilson v. Beebe, 770 F.2d 578, 584 (6th Cir.1985) (en banc).
 
 
 6
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.