9 F.3d 109
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl C. NEWMAN, Plaintiff-Appellant,
v.
John T. CORRIGAN, Prosecuting Attorney, Defendant-Appellee.
 No. 92-3784.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1993.
 
 Before: BOGGS and SUHRHEINRICH, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Carl Newman filed a complaint in the district court against John T. Corrigan, the Cuyahoga County Prosecutor. Newman argued that his felony conviction of the crime of carrying a concealed weapon denied him the right to bear arms, the guarantee of being employed in the United States Army, and the opportunity to be employed in the field of private security as an armed officer. The district court dismissed his in forma pauperis complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Newman timely appealed and the appeal was docketed in forma pauperis.
 
 
 3
 In his appellate brief, Newman argues that the district court has not followed the order of this court in appeal No. 91-3166 by awarding the damages he sought in that case. He also requests appointment of counsel.
 
 
 4
 An in forma pauperis complaint dismissed as frivolous is reviewed for an abuse of discretion. Gibson v. R.G. Smith Co., 915 F.2d 260, 261 (6th Cir.1990). A district court can dismiss a complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d) only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). In the instant case, there is nothing to indicate that prosecutorial immunity should not apply to bar Newman's claim. See Imbler v. Pachtman, 424 U.S. 409, 424-26 (1976); Haskell v. Washington Township, 864 F.2d 1266, 1277 (6th Cir.1988); Sparks v. Character & Fitness Comm., 859 F.2d 428, 430-31 (6th Cir.1988), cert. denied, 489 U.S. 1011 (1989). Thus, the claim in the complaint lacks an arguable or rational basis in law. Neitzke, 490 U.S. at 327-28; Lawler, 898 F.2d at 1199. Moreover, Newman's attempts to raise the same claim against the prosecutor were barred in previous cases by prosecutorial immunity.
 
 
 5
 In Newman's brief on appeal, he argues that the district court failed to comply with this court's decision in appeal No. 91-3166 and award him the damages he sought. He has misread the decision in that case entered by Judges Kennedy, Guy and Engel as a ruling in his favor on the merits. That case was an appeal from the district court's order denying leave to proceed in that court in forma pauperis based on the fact that he had raised the same allegations in two prior complaints. This court vacated and remanded the decision of the district court directing that pauper status in the district court be determined on whether plaintiff was indigent, and, that once such determination was made, the district court could dismiss the case pursuant to 28 U.S.C. Sec. 1915(d) if the claims turned out to be frivolous. Such decision of this court did not rule on the merits of the complaint, or direct the district court to find in Newman's favor. Therefore, Newman's argument as to the failure to comply with the decision in appeal No. 91-3166 by awarding him damages is without merit.
 
 
 6
 Accordingly, it is ORDERED that the motion for appointment of counsel is denied and the decision of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.