12 F.3d 215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Cedric WATSON, Plaintiff-Appellant,
v.
Robert E. LECUREUX, et al., Defendants-Appellees.
 No. 93-1542.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1993.
 
 1
 Before: MILBURN and BATCHELDER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 James Cedric Watson, pro se, appeals a district court order granting the defendants' motion for summary judgment in this civil rights case filed under 42 U.S.C. Sec. 1983. The defendants are thirty-four employees of the Michigan Department of Corrections, including the Warden of the Kinross Correctional Facility (KCF) and other correctional officers and unit managers employed at that facility and at the Chippewa Regional Facility (URF) in Kincheloe, Michigan.
 
 
 3
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 Watson's complaint contained allegations that the defendants conspired to violate his federal rights under Sec. 1983 and Sec. 1985, that the defendants denied him equal protection under the law, and that the prison officials and medical personnel subjected him to cruel and unusual punishment by denying him proper medical treatment. Watson also alleged other unspecified violations of state law. Upon recommendation of the magistrate judge and over Watson's objections, the district court granted summary judgment to the defendants.
 
 
 5
 On appeal, Watson continues to maintain that he has been "held hostage by the defendants and their co-conspirators" who have conspired to kill him using the food and water as "the main vehicles." Essentially, Watson has abandoned all other issues except for his allegations concerning: 1) the "conspiracy, to kill him"; 2) the defendants' failure to treat what Watson alleges is a serious medical condition and; 3) a denial of his right to equal protection under the law. In his brief, Watson requests the appointment of counsel, on appeal. He has also filed a motion for a certificate of probable cause.
 
 
 6
 This court's review of a grant of summary judgment is de novo using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 7
 On appeal, Watson accuses the district court judge of playing the role of a psychiatric doctor by labeling his allegations as "delusional." However, the allegations are delusional in the legal sense that the complaint describes fantastic scenarios and sets forth claims lacking an arguable basis in law in order to survive a Sec. 1983 action under federal constitutional law. Neuske v. Williams, 490 U.S. 319, 326 (1989). Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir.1990). A federal court need not accept as true legal conclusions, or vague and conclusory allegations of a conspiracy to create a valid claim under Sec. 1983 when none exists. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987). Further, the evidence supports the district court's finding that Watson has failed to show a deliberate indifference to a serious medical need, in order to make out a claim of cruel and unusual punishment under the Eighth Amendment. See Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991); Estelle v. Gamble, 429 U.S. 97, 103 (1976).
 
 
 8
 Next, the district court properly found that Watson has not shown he was intentionally discriminated against because of membership in any protected class, in order to prevail on a claim that he was denied equal protection under the law. Henry v. Metropolitan Sewer Dist., 922 F.2d 332, 341 (6th Cir.1990); see Wagner v. Higgins, 754 F.2d 186, 194 (6th Cir.1985). Watson states that his rights under state law should be addressed by the district court, because the "State of Michigan is corrupt." However, this conclusory allegation does not set forth an appropriate basis for this court to consider state law matters that are more appropriately left to that forum, in the first instance. All other claims that Watson initially presented in district court have been abandoned on appeal and, thus, will not be considered. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 9
 Accordingly, Watson's request for counsel and for a motion for a certificate of probable cause are hereby denied, and the district court's order granting summary judgment in favor of the defendants is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation