28 F.3d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert E. PRUNTY, Plaintiff-Appellant,
v.
Larry KELLY, Guard; Stevens, Sgt., Defendants-Appellees.
 No. 93-4338.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1994.
 
 Before: MARTIN, SUHRHEINRICH and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Robert E. Prunty, a pro se Ohio prisoner, appeals a district court order dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking $40,000 in compensatory and punitive damages and injunctive relief, Prunty sued two officers of the Marion Correctional Institution in their individual and official capacities. He alleged that on August 8, 1993, defendant Kelly wrote a false misconduct report against Prunty and that defendant Stevens signed the report the next day, sanctioning his actions. He further alleged that the two officers acted in retaliation for a lawsuit which Prunty had already filed against Stevens. The district court dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d) in an opinion and order filed on November 9, 1993. The district court concluded that Prunty did not allege the violation of any federally protected right and that his conclusory claims, unsupported by factual allegations, were insufficient to state a cause of action under Sec. 1983.
 
 
 3
 On appeal, Prunty continues to argue the merits of his claim, contending that the district court did not consider the violation of his due process rights under the Fourteenth Amendment.
 
 
 4
 Upon review, we vacate the district court's order because the court abused its discretion in dismissing Prunty's complaint as frivolous. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 5
 A district court is required to construe liberally civil rights complaints, Jones v. Duncan, 840 F.2d 359, 361 (6th Cir.1988), and should not summarily dismiss a suit as frivolous under Sec. 1915(d), despite the paucity of factual allegations, unless the suit is utterly without foundation, lacking an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Prunty's claim has a basis in fact because it does not present a delusional or fantastic scenario. See id. at 327-28; Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir.1990). It has an arguable basis in law because prison officials may not retaliate against a prisoner for filing a grievance or lawsuit against them. See Cale v. Johnson, 861 F.2d 943, 950 (6th Cir.1988).
 
 
 6
 For this reason, sua sponte dismissal under Sec. 1915(d) was premature and constituted error. Prunty should be permitted service of process upon the defendants and an opportunity to present his claim.
 
 
 7
 Accordingly, the district court's order, entered on November 9, 1993, is vacated and the case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.