33 F.3d 54
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David CRAWFORD, Plaintiff-Appellant,
v.
Douglas PRITCHARD, Defendant-Appellee.
 No. 93-4365.
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1994.
 
 1
 Before: GUY and BOGGS, Circuit Judges, and CLELAND, District Judge.*
 
 ORDER
 
 2
 David Crawford, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Crawford sued Douglas Pritchard, a prison official, who reviewed a disciplinary charge that was filed against Crawford. Pritchard was sued in his individual capacity. Crawford alleged that Pritchard improperly found Crawford guilty of possessing a dangerous weapon. Crawford noted that Pritchard's decision was subsequently overturned on appeal.
 
 
 4
 The district court dismissed Crawford's complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). The court said that Crawford did not raise any issues implicating a federally protected right. Crawford filed a timely motion for reconsideration which was subsequently denied.
 
 
 5
 On appeal, Crawford essentially contends that his complaint was not frivolous and that his due process rights were violated.
 
 
 6
 The dismissal of a complaint pursuant to 28 U.S.C. Sec. 1915(d) is reviewed under the abuse of discretion standard. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). The district court may dismiss a complaint as frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). Claims that lack an arguable basis in law include claims for which the defendant is clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist. Neitzke, 490 U.S. at 327-28; Lawler, 898 F.2d at 1199. Although the district court correctly determined that Crawford's complaint was frivolous, we affirm the decision for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990); Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam). Crawford did raise a due process issue in his complaint.
 
 
 7
 Crawford's due process rights were not violated as he was afforded all the process required by Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Moreover, there was "some evidence" to support Pritchard's decision as Crawford freely admitted that a shank was found taped to his bed. See Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455-56 (1985).
 
 
 8
 Crawford's segregation prior to his disciplinary hearing did not violate his rights. See, e.g., Hewitt v. Helms, 459 U.S. 460, 472, 476 n. 8 (1983); see also Childs v. Pellegrin, 822 F.2d 1382, 1387-88 (6th Cir.1987). Further, the segregation did not constitute cruel and unusual punishment as it did not deprive Crawford of the minimal civilized measure of life's necessities. Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991). Finally, the cases cited by Crawford in his brief simply do not establish that the district court erred in dismissing his complaint as frivolous.
 
 
 9
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert H. Cleland, U.S. District Judge for the Eastern District of Michigan, sitting by designation