38 F.3d 1216
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Homer A. MIDGYETTE, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS; C. Sprang, Defendants-Appellees.
 No. 94-1325.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1994.
 
 Before: MILBURN, BOGGS and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Homer A. Midgyette, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights suit filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Midgyette asserted that he is learning disabled. Seeking injunctive and monetary relief, he alleged that a tape player and instructional tapes, which he received through a fellow inmate, were confiscated by prison mailroom staff. He alleged further that, following an administrative hearing, he was advised that the materials would be returned to the library which had originally sent them and that he could acquire similar materials only from an approved vendor. Midgyette claimed that the interference with his mail violated the First Amendment and that he has been denied remedial education in violation of the Eighth Amendment. The district court dismissed the complaint as frivolous within the meaning of 28 U.S.C. Sec. 1915(d). Midgyette's time-tolling motion for reconsideration was denied; this appeal followed.
 
 
 3
 Upon review, we conclude that the district court properly dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d) for the reasons stated by it. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). Midgyette simply does not have a constitutional right to retain the materials admittedly given to him from a fellow prisoner. This is not a case requiring the court to review whether the defendants have properly enforced a regulation restricting receipt of such materials sent to an inmate directly by a vendor. See Ward v. Washtenaw County Sheriff's Dep't, 881 F.2d 325, 329-30 (6th Cir.1989).
 
 
 4
 Finally, we note that Midgyette's Eighth Amendment claim, while not addressed by the district court in these terms is also frivolous. There is no constitutional requirement that a state provide basic educational or remedial training for prisoners. Newman v. Alabama, 559 F.2d 283, 292 (5th Cir.1977), rev'd in part on other grounds sub nom., Alabama v. Pugh, 438 U.S. 781 (1978).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.