70 F.3d 1273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David SCOTT, Plaintiff-Appellant,
v.
Billy MCWHERTER; Robert Conley; Joe Smyth; William
Calhoun, Defendants-Appellees.
 No. 94-6382.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1995.
 
 Before: WELLFORD, NELSON, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 David Scott moves for the appointment of counsel on appeal from a district court judgment dismissing as frivolous a civil rights complaint filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Scott sued the defendant officials for allegedly denying him due process in certain prison disciplinary proceedings. The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Plaintiff has appealed, paying the filing fee and submitting a brief pro se.
 
 
 3
 Generally, the dismissal of a complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d) is reviewed by this court only for an abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992). A complaint is frivolous within the meaning of 28 U.S.C. Sec. 1915(d) where plaintiff has failed to present a claim with an arguable or rational basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). In determining whether a claim is frivolous under Sec. 1915(d), a court need not "accept as 'having an arguable basis in fact' all allegations that cannot be rebutted by judicially noticeable facts." Denton, 504 U.S. at 32 (quoting Neitzke, 490 U.S. at 325). However, "plaintiff's factual allegations must be weighted in favor of plaintiff." Id.
 
 
 4
 The reasoning set forth in the order of dismissal filed by the district court on September 15, 1994, persuades us that the court did not abuse its discretion in dismissing plaintiff's complaint. Moreover, any claim that plaintiff was deprived of a liberty interest created under prison policy and state statute is without merit in light of the Supreme Court's subsequent decision in Sandin v. Conner, 115 S.Ct. 2293 (1995). There the Court decided that no constitutionally protected liberty interest is implicated in ordinary prison disciplinary proceedings resulting in a confinement in disciplinary segregation for 30 days. Id. at 2300-02.
 
 
 5
 Accordingly, plaintiff's motion for counsel is denied, and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.