83 F.3d 423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bruce B. WESSELMAN, Plaintiff-Appellant,
v.
Helen HOWARD-HUGHES, et al., Defendants-Appellees.
 No. 95-6002.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1996.
 
 1
 Before: SUHRHEINRICH and COLE, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Bruce B. Wesselman appeals pro se a district court order dismissing his civil rights suit filed under 42 U.S.C. § 1983 as frivolous within the meaning of 28 U.S.C. § 1915(d). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.R. 34(a).
 
 
 3
 Wesselman is a Kentucky prisoner. He filed a civil rights action against three members of the Kentucky Parole Board (KPB), an administrative law judge (ALJ Deese), and three employees of the Kentucky Probation and Parole Office in which he sought declaratory, injunctive and monetary relief for an alleged infringement of his due process rights during his parole revocation proceedings. The factual allegations are summarized in the magistrate judge's report and recommendation, and will not be repeated here. The magistrate judge recommended that the complaint be dismissed as frivolous under § 1915(d). Despite Wesselman's objections, the district court adopted the report and recommendation as the opinion of the court. Wesselman's motion to alter or vacate the court's order was denied in an order filed July 17, 1995. This timely appeal followed.
 
 
 4
 Generally, the dismissal of a complaint as frivolous pursuant to 28 U.S.C. § 1915(d) is reviewed by this court only for an abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992). A complaint is frivolous within the meaning of 28 U.S.C. § 1915(d) where a plaintiff has failed to present a claim with an arguable or rational basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). Claims that lack an arguable basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly do not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. Neitzke, 490 U.S. at 327-28; Lawler, 898 F.2d at 1199.
 
 
 5
 The district court did not abuse its discretion in dismissing Wesselman's complaint as frivolous. Wesselman alleged that his Fourteenth Amendment right to be afforded due process of law was violated because he was not afforded an independent decision maker when his preliminary parole revocation hearing was conducted by defendant Deese, who allegedly is "thought to be" employed by and answerable to the "ultimate parole revoking authority." This claim clearly lacks an arguable basis in law. In Morrissey v. Brewer, 408 U.S. 471, 487-90 (1972), the Supreme Court delineated the minimum due process requirements before parole could be revoked. Specifically, at a revocation hearing, a parolee is entitled to: 1) written notice of the claimed violation of parole; 2) disclosure to the parolee of evidence against him; 3) an opportunity to be heard and to present witnesses; 4) the right to confront and cross-examine adverse witnesses; 5) a "neutral and detached" hearing body, such as the traditional parole board; and 6) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. Id. at 489. At the preliminary hearing, the parolee is entitled to an independent hearing officer. Id. at 485-87. ALJ Deese clearly is an independent hearing officer as he was not involved in commencing the revocation proceedings. Thus, Wesselman's claim lacks an arguable basis in law.
 
 
 6
 Wesselman also alleged that his Fourteenth Amendment due process rights were violated when certain items of evidence which allegedly were relied upon to make decisions were not disclosed to him prior to the hearing preceding those decisions. Specifically, he alleged that during the interim between his arrest and his preliminary parole revocation hearing, defendant Burlew, a parole officer, provided at least two reports to defendant Deese, and the parole board members, but Wesselman was not provided with copies of the report. Wesselman claimed that these possibly existing reports were possibly utilized by defendant Deese at Wesselman's preliminary parole revocation hearing and were possibly utilized by the defendant parole board members at Wesselman's final parole revocation hearing. This claim is fanciful and clearly lacks an arguable basis in fact. Wesselman has not identified what the contents of the reports are nor has he set forth how the reports caused him injury. Accordingly, this claim was properly dismissed as frivolous.
 
 
 7
 Finally, because Wesselman's federal claims clearly lacked an arguable basis in law and in fact, it was within the district court's considerable discretion to decline supplemental jurisdiction over the unspecified state law claims. United Mine Workers v. Gibbs, 383 U.S. 715, 722 (1966); Sarin v. Samaritan Health Ctr., 813 F.2d 755, 759 n. 5 (6th Cir.1987).
 
 
 8
 Accordingly, the district court's order should be affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation