**THE OHIO BELL TELEPHONE COMPANY, d/b/a Ameritech Ohio, Plaintiff,**

v.

**ICG TELECOM GROUP, INC., et al., Defendants.**

No. 2:99–CV–552.

United States District Court, S.D. Ohio, Eastern Division.

March 30, 2001.

Daniel Ryan Conway, Porter Wright Morris & Arthur, Columbus, OH, for Ohio Bell Telephone Co.

Judith Brick Sanders, Bell Royer & Sanders, columbus, OH, Darryl M. Bradford, John R. Harrington, Jenner & Block, Chicago, IL, for ICG Telecom Group, Inc., MCIMetro Access transmission Services, Inc.

Roger Philip Sugarman, Kegler Brown Hill & Ritter, Columbus, OH, for Time Warner Telecom of Ohio LP.

Steven T. Nourse, Ohio Atty. Gen., Columbus, OH, for Public Utilities Com'n of Ohio, Craig A. Glazer, Ronda Hartman Fergus, Judith A. Jones, Donald L. Mason.

Gilda L. Spencer, U.S. Attorney's Office, Columbus, OH, for U.S.

### OPINION AND ORDER

SARGUS, District Judge.

This matter is before the Court for consideration of the Supplemental Motion to Dismiss filed by the Defendant Commissioners of the Public Utilities Commission of Ohio ["Commissioners"] (Doc. # 68) and on Plaintiff's Motions for Leave to file a Surreply (Doc. # 78) and Supplemental

Authority (Doc. # 79) in Opposition to the Commissioners' Motion. For the reasons that follow, the Commissioners' motion is denied and the Plaintiff's motions for leave are granted. Finally, the Motion by Defendants MCI Worldcom and MCI Metro Access for Reconsideration or, in the alternative, for Leave to file a Motion for Judgment on the Pleadings (Doc. # 66) is denied.

### I.

Plaintiff in the instant action seeks declaratory and injunctive relief from three orders of the PUCO requiring Plaintiff to pay reciprocal compensation to other telecommunication carriers as a result of calls placed by Plaintiff's customers to Internet Service Providers ["ISPs"], which providers are customers of the carriers named as Defendants in this action. On September 29, 2000, this Court concluded that Plaintiff's action is appropriate under the doctrine enunciated by the United States Supreme Court in *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). This Court also dismissed the PUCO from this action, holding that the appropriate method for review, consistent with the Eleventh Amendment to the United States Constitution, is to assert claims against the individual Commissioners in their official capacities. (*Opinion and Order*, Sept. 29, 2000 at 6).

As this Court previously observed, the PUCO's October 7, 1999 Motion to Dismiss raised five propositions of law, three which did not implicate the merits of Plaintiff's claims. This Court's September 29, 2000 *Opinion and Order* addressed only the first three propositions of law raised by the PUCO. The Court directed the Commissioners to address any further grounds for dismissal within twenty days of the September 29, 2000 Order. The Court subsequently held that merit-based briefs would be filed within forty-five days of the Court's resolution of any further non-merit based motion to dismiss.[1] (*See Order*, October 10, 2000). This matter is now before the Court on the Commissioners' October 19, 2000 Supplemental Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

A motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Mayer v. Mylod*, 988 F.2d 635, 637 (6th Cir.1993). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

### II.

Plaintiff alleges that three decisions of the PUCO are erroneous as a matter of

---

1. As the Court stated at the November 9, 2000 Status Conference, to the extent that a review of the record is required, the Court will not consider the same in connection with the Defendant Commissioners' presently pending motion. Rather, the Court will simply determine, at this juncture, the extent to which Plaintiff's complaint falls within the scope of review under the relevant portion of the 1996 Telecommunications Act, 47 U.S.C. § 151, et seq.

law; that they are contrary to the terms of the particular reciprocal compensation agreements and controlling orders of the FCC; and that the decisions are "contrary to federal law." (*See Complaint* at ¶¶ 32–34). Count I alleges that the PUCO Orders "improperly hold that Internet calls are local traffic, contrary to both the plain language of the Agreements and federal law." (*Id.* at ¶ 36). Count II alleges that the PUCO Orders violate federal law in that the Orders are contrary to FCC decisions which purportedly hold that internet calls constitute interstate access traffic rather than local traffic. (*Id.* at ¶¶ 40–45). Count III alleges that internet calls constitute interstate rather than local communications and, because regulation of interstate communications is within the exclusive jurisdiction of the FCC, the PUCO's decision requiring payment for reciprocal compensation for internet calls violates federal law. (*Id.* at ¶¶ 46–50). Count IV alleges that the PUCO Orders are inconsistent with Sections 251(b)(5) and 252(d)(2) of the 1996 Telecommunications Act because the PUCO decision requires payment for what is purportedly an interstate rather than a local transaction. (*Id.* at ¶¶ 51–55). Count V alleges that the PUCO Orders violate § 252(g) of the 1996 Telecommunications Act by requiring Plaintiff to pay reciprocal compensation for internet calls. (*Id.* at ¶¶ 56–61).

The Commissioners' Supplemental Motion to Dismiss raises two propositions of law in support of dismissal of Plaintiff's complaint. The propositions of law are, in substance, virtually identical to propositions four and five contained in the PUCO's initial motion to dismiss. Specifically, the Commissioners contend (1) that, for various reasons, Plaintiff's Counts I—V fail to state cognizable claims for violation of federal law and (2) that this Court lacks jurisdiction over Plaintiff's complaint because it is purportedly a challenge to the FCC's ISP Order and thus, constitutes a violation of the Hobb's Act, 28 U.S.C. § 2342.

## III.

This Court observes at the outset that the basis for dismissal contained in the Defendant's first proposition of law relies almost entirely upon an assessment of the merits of Plaintiff's claims. As this Court previously stated, at this juncture, the Court simply seeks to consider whether Plaintiff's claims fall within the scope of review permitted by the 1996 Telecommunications Act. Thus, as set forth *infra,* the Court will make this determination without reaching the merits of the dispute.

This Court's authority to review Plaintiff's complaint is premised upon § 252(e)(6) of the Act, which provides:

> In any case in which a State commission makes a determination under this section [252], any party aggrieved by such determination may bring an action in an appropriate Federal district court to determine whether the agreement or statement meets the requirements of section 251 and this section [252].

47 U.S.C. § 252(e)(6). It is undisputed that the interconnection agreements at issue in this case were executed pursuant to §§ 251 and 252 of the Act. (*See Exhibits A–C* attached to *Complaint* ). It is also undisputed that each of the agreements makes arrangements for reciprocal compensation pursuant to § 251(b)(5) of the Act. The issue presently before the Court is whether the challenged decisions of the PUCO requiring payment of reciprocal compensation for ISP-bound calls constitute "determination[s] under this section [252]" so as to confer jurisdiction on this Court.

There is a split of authority on the issue of whether jurisdiction under § 252(e)(6) is appropriate when a state commission concludes that an incumbent local exchange

carrier must pay reciprocal compensation for internet connecting calls made by customers of competitor carriers. In *Southwestern Bell Telephone Co. v. Connect Communication Corp.*, 225 F.3d 942 (8th Cir.2000), the Eighth Circuit reversed a district court decision which concluded that federal court jurisdiction under § 252(e)(6) extends only to consideration of whether the relevant interconnection agreement meets the requirements of §§ 251 and 252 of the Telecommunications Act, not to review of the state commission's interpretation and enforcement of the agreement. The district court had concluded that the latter was a matter of state contract law which was properly left for review by the state court. The Eighth Circuit found this holding erroneous because, the Court reasoned, the state commission's enforcement proceeding raised an issue which was the subject of federal law; specifically, whether internet connecting calls constitute local traffic. Plaintiff in that case, as the Plaintiff herein, argued that the state commission's conclusion that internet connecting calls constituted local traffic was contrary to a ruling of the FCC.[2] The Eighth Circuit held:

> We believe the FCC ruling and its subsequent judicial review demonstrate that there are substantial federal-law questions underlying the dispute in this case. Perhaps the District Court was correct in concluding that the FCC ruling supported the Commission's determination, a question we do not reach, but if so, that would support judgment for [the Defendant] and the Commission on the merits, not dismissal for lack of jurisdiction.

*Id.* at 947. Further, the Court observed that the state commission "made no reference to state contract law at all. Thus, the Commission's argument now that this case is simply a matter of state contract law does not ring true." *Id.* In sum, the Eighth Circuit held that " § 252(e)(6)'s grant of jurisdiction to allow federal courts to review for compliance with §§ 251 and 252 includes the power to ensure that the state commission's enforcement actions are consistent with federal law." *Id.*

The Seventh Circuit Court of Appeals has also concluded that jurisdiction under § 252(e)(6) encompasses review of a state commission's decision regarding whether calls to ISPs are local calls subject to reciprocal compensation under the Act. *Illinois Bell Telephone Co. v. Worldcom Technologies, Inc.*, 179 F.3d 566 (7th Cir. 1999), *cert. granted in part*, —— U.S. ——, 121 S.Ct. 1224, 149 L.Ed.2d 135 (2001).[3]

---

**2.** On February 26, 1999, the FCC concluded that 47 U.S.C. § 251(b)(5), which establishes a duty among local exchange carriers "to establish reciprocal compensation arrangements for the transport and termination of telecommunications," does not does not impose reciprocal compensation requirements on incumbent LECs for ISP bound traffic. FCC Ruling, 14 FCC Rcd 3689 (1999). On March 24, 2000, the D.C. Circuit Court of Appeals vacated and remanded the FCC's holding. The Court concluded:

> Because the Commission has not provided a satisfactory explanation why LECs that terminate calls to ISPs are not properly seen as "terminat[ing] ... local telecommunications traffic," and why such traffic is "exchange access" rather than "telephone exchange service," we vacate the ruling and remand the case to the Commission.

*Bell Atlantic Telephone Cos. v. Federal Communications Commission*, 206 F.3d 1, 9 (D.C.Cir.2000). The Plaintiff herein relies upon the FCC's ruling in support of its claim that the PUCO's decisions were contrary to federal law. The Court declines to consider the merits of the Plaintiff's argument, and the Defendant's opposition thereto, at this time. Nonetheless, as evidenced by the parties' exhaustive reference to the FCC decision, it is apparent that the issues presented by Plaintiff's complaint implicate substantial issues of federal law.

**3.** The United States Supreme Court recently granted *certiorari* to consider "[w]hether a state commission's action relating to the en-

Similarly, the Tenth Circuit has held that federal court jurisdiction under § 252(e)(6) includes review of state commission decisions "interpreting or enforcing" an interconnection agreement so as to require reciprocal compensation for ISP calls. *Southwestern Bell Telephone Co. v. Brooks Fiber Communications of Oklahoma,* 235 F.3d 493, 497 (10th Cir.2000). In addition, the Fifth Circuit has concluded that "federal court jurisdiction [under § 252(e)(6)] extends to review of state commission rulings on complaints pertaining to interconnection agreements and … such jurisdiction is not restricted to mere approval or rejection of such agreements." *Southwestern Bell Telephone Co. v. Public Utility Commission of Texas,* 208 F.3d 475, 481 (5th Cir.2000). One circuit court has, however, expressed a divergent view.

In *Bell Atlantic Maryland, Inc. v. MCI Worldcom, Inc.,* 240 F.3d 279 (4th Cir. 2001), the Fourth Circuit held that ·§ 252(e)(6) creates only a limited and ·very narrow right of federal review of state commission determinations. Specifically, the Court held that "the scope of federal review under [§ 252(e)(6)] is only to determine whether an interconnection agreement complies with the requirements of §§ 251 and 252." *Id.* at 298. The Court observed that there was no question presented with respect to whether the interconnection agreement at issue met the requirements of the Act. Rather, in the Court's view, the issue presented arose from "the ongoing administration of an approved agreement." *Id.* at 304. Thus, the Court concluded that although the dispute, *i.e.,* whether ISP calls are subject to reciprocal compensation, was properly considered by the state commission, the commission's decision "was not a § 252 determination and therefore was not reviewable

in federal court by virtue of § 252(e)(6)." *Id.*

■ While there is no controlling Sixth Circuit authority on this jurisdictional issue, this Court is not persuaded by the Fourth Circuit's analysis. Rather, this Court adopts the rationale of the Fifth, Seventh, Eighth and Tenth Circuits set forth, *supra.* As the Tenth Circuit observed:

> When a state commission, after approving an agreement pursuant to the authority granted by the Act, subsequently issues another decision interpreting the terms of the agreement, this is also a "determination" pursuant to its authority under § 252. A rule the restricted a district court's jurisdiction to review of a state commission's approval or rejection of an interconnection agreement would lead to results that Congress could not have intended. Under such a rule, certain state commission decisions would escape federal review simply because the dispute arose after the agreement had been approved.

*Southwestern Bell,* 235 F.3d at 497. This Court similarly concludes that jurisdiction pursuant to § 252(e)(6) includes this Court's ability to review a state commission's interpretation of an interconnection agreement to require reciprocal compensation for ISP bound calls. Indeed, the parties herein recognize that there are substantial federal law questions which underlie the state commission's decision on this issue.

■ Even if this Court were to reach a contrary conclusion with respect to the jurisdictional reach of § 252(e)(6), in light of the Sixth Circuit's holding in *GTE North, Inc. v. Strand,* 209 F.3d 909 (6th

forcement of a previously approved section 252 interconnection agreement is a 'determination under [section 252]' and thus is reviewable in federal court under 47 U.S.C. § 252(e)(6)." *Mathias v. WorldCom,* —— U.S. ——, 121 S.Ct. 1224, 149 L.Ed.2d 135 (2001).

Cir.2000), this Court concludes that jurisdiction over Plaintiff's claims would be appropriate under 28 U.S.C. § 1331. In *Strand,* the Sixth Circuit held that "federal review is available under § 1331 to determine whether state commission orders violate federal law except in cases in which the challenged regulatory action is clearly an interlocutory order arising out of a § 252 proceeding." *Id.*[4] Clearly, the instant action is not the product of an interlocutory order from a § 252 proceeding. Thus, in light of the implication of federal law in the state commission's decisions, jurisdiction over Plaintiff's claims would also be appropriate under § 1331. As stated *supra,* however, this Court holds that it has jurisdiction over Plaintiff's complaint under § 252(e)(6).

## IV.

In sum, this Court finds the Defendant Commissioners' Motion to Dismiss without merit. The Court notes that Plaintiff has filed motions for leave to file a surreply and to file supplemental authority in opposition to the Defendant's motion. The Defendant opposes Plaintiff's requests, arguing that the Plaintiff "is determined to have the last word on the Commissioners' Supplemental Motion to Dismiss...." (*Defendant's Memorandum contra* at 1). Despite Defendant's objections, the Plaintiff's motions are granted. The Court observes that the inclusion of the authority and arguments raised by Plaintiff relate more to the merits of the dispute at issue, which the Court is not considering at this juncture. Thus, contrary to Defendant's assertion, Plaintiff's motions do not result in Plaintiff having the last word on the matter.

---

4. The Court notes the Fourth Circuit's differing view that "[t]he simple fact that interconnection agreements are 'creations of federal law' does not make their interpretation a suf-

Finally, the Court notes that on October 13, 2000, Defendant MCI Worldcom, Inc. and MCI Metro Access filed a Motion for Reconsideration of this Court's October 9, 2000 Order, or in the alternative for leave to file a motion for judgment on the pleadings. It is apparent from the motion that these Defendants misconstrued the Court's Orders with respect to the timing of jurisdictional and merits-based issues. Thus, the Defendant's motion must be denied.

## V.

The Defendant Commissioners' Motion to Dismiss (Doc. # 68) is **DENIED.** Plaintiff's Motions for Leave to file a Surreply (Doc. # 78) and for Leave to file Supplemental Authority (Doc. # 79) are **GRANTED.** The Motion for Reconsideration or, in the alternative for leave to file a Motion under Rule 12(c), filed by the MCI Defendants (Doc. # 66) is **DENIED.**

**IT IS SO ORDERED.**

ficiently substantial federal question to confer jurisdiction under 28 U.S.C. § 1331." *Bell Atlantic Maryland, Inc. v. MCI Worldcom, Inc.,* 240 F.3d 279, 308–09 (4th Cir.2001).