**Ricky ABSTON, Plaintiff–Appellant,**

v.

**SHELBY COUNTY JUSTICE CENTER; Med Hospital, Defendants–Appellees.**

No. 00–6248.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2001.

Before DAUGHTREY and GILMAN, Circuit Judges; COHN, District Judge.*

Ricky Abston, a Tennessee pre-trial detainee proceeding pro se, appeals a district court judgment dismissing his 42 U.S.C. § 1983 civil rights complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Abston sues Shelby County, Shelby County Sheriff A.C. Gilless, and the Regional Medical Center (the "Med"). In his complaint, Abston alleges that he complained of chest pain, dizziness, and weakness to unidentified officers for six days until a nurse took his vital signs. Abston alleges that the nurse immediately sent him to the Med for treatment. Abston alleges that he was released from the hospital the next day although he was still weak and dizzy. Abston alleges that upon his return to the jail, he collapsed and was carried back to the Med by ambulance. Abston alleges that the unidentified officers refused to

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

provide medical treatment and the doctor at the Med did not provide proper care. Abston alleges that there is a grievance procedure at the jail and admits that he has not filed a grievance. Despite the lack of exhaustion, the district court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). This timely appeal followed.

This court reviews de novo a decision to dismiss a complaint under § 1915(e) as frivolous. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A complaint may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir.1990). Although normally a prisoner must first exhaust his available administrative remedies pursuant to 42 U .S.C. § 1997e(a) before filing a § 1983 action challenging prison conditions in federal court, in the event that a claim is frivolous or fails to state a claim upon which relief can be granted, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998).

■ Upon review, we conclude that the district court properly dismissed Abston's complaint as frivolous. *See Neitzke,* 490 U.S. at 325, 109 S.Ct. 1827; *McGore,* 114 F.3d at 604. Abston's claims against Shelby County and Sheriff Gilless are frivolous because they are based upon a respondeat superior theory of liability, which cannot provide the basis for liability in § 1983 actions. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984).

■ Abston's Eighth Amendment claim alleging inadequate medical care is frivolous. Abston has failed to sue any specific person at the jail other than Sheriff Gilless. He has not sued or identified any officer who refused to send him to the medical department. Neither does Abston allege what he told the officers to communicate that his problems were a serious medical need or how his condition was so obvious that the officers knew that it was serious. The complaint thus fails to allege the subjective component of an Eighth Amendment claim. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Wilson v. Seiter,* 501 U.S. 294, 298–99, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Likewise, Abston does not identify the doctor who treated him and released him from the hospital. It is apparent that Abston relies on the fact that the Med is where he received his medical treatment as well as the fact that the doctor rendering the treatment was a Med employee as the basis for his claim that the Med acted with deliberate indifference to his serious medical need. However, there is no respondeat superior liability under § 1983. *See Monell,* 436 U.S. at 658, 98 S.Ct. 2018; *Bellamy,* 729 F.2d at 421. Furthermore, even if the doctor was mistaken in his evaluation of Abston's condition, this would amount at most to medical malpractice and medical malpractice does not become a constitutional violation merely because the victim is a prisoner. *See Estelle v. Gamble,* 429 U.S. 97, 105–07, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976). The complaint simply does not allege any facts supporting a claim that the Eighth Amendment was violated.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit. Rule 34(j)(2)(C), Rules of the Sixth Circuit.