Thomas GOODROW; Richard A. Heinen, Plaintiffs–Appellants,

Michael D. Beaudry, Plaintiff,

v.

Henry HOLIDAY, Assistant Warden, et al., Defendants–Appellees.

No. 01–5342.

United States Court of Appeals, Sixth Circuit.

Dec. 10, 2001.

Before MOORE and COLE, Circuit Judges; O'MEARA, District Judge.*

## ORDER

Thomas Goodrow, a Wisconsin inmate who was housed at the West Tennessee Detention Facility ("WTDF") in Mason, Tennessee, at the time the complaint was filed, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Goodrow sues several prison officials and employees at the WTDF. Goodrow alleges that upon his arrival at WTDF, he was medically screened and taken off medication which had been prescribed for him at his former place of incarceration. He also lists WTDF conditions that allegedly are unpleasant and complains of conditions of confinement suffered by other inmates. Goodrow purports to file the complaint on behalf of himself and two other inmates, Richard Heinen and Michael D. Beaudry. Only Goodrow and Heinen signed the complaint, however, Beaudry signed an affidavit which was submitted after the complaint was filed.

In the complaint, Goodrow and Heinen make vague and conclusory allegations about WTDF conditions and medical care. Only Goodrow and Heinen allege specific acts by medical personnel at WTDF that personally affected each of them. Neither Goodrow nor Heinen, however, assert a specific claim, or state facts supporting a claim that their particular claims were related. Because the claims appear in no way connected, other than by the mere coincidence of having occurred in the same institutions during the same general period of time, the district court ordered the Clerk to make a copy of all of the documents in the file and docket and file the copies in a separate case for Heinen. Because Beaudry did not sign the complaint, the court deemed Beaudry not a plaintiff in this action.

In an order addressing only those claims raised by Goodrow, the district court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 42 U.S.C. § 1997e(c)(2), despite Goodrow's failure to exhaust his administrative remedies. Reconsideration was denied. This appeal followed.

We review de novo an order dismissing a suit as frivolous under § 1915(e)(2)(B)(i). *See Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A complaint may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir.1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist. *See Neitzke,* 490 U.S. at 327–28, 109 S.Ct. 1827; *Lawler,* 898 F.2d at 1199.

In his appellate brief, Goodrow does not challenge the dismissal of the complaint as frivolous pursuant to 28 U.S.C.

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

§ 1915(e)(2)(B)(i) and 42 U.S.C. § 1997e(c)(2). Rather, he argues that the order of dismissal was premature because he never intended to file a § 1983 action on December 5, 2000, but was seeking a temporary restraining order against prison officials. He also challenges the district court's conclusion that his and Heinen's claims were unrelated. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. *See Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991). Thus, because Goodrow neither challenges nor offers any argument with respect to the district court's disposition of his claims, such claims have not been properly raised on appeal. *See Buziashvili v. Inman*, 106 F.3d 709, 719 (6th Cir.1997); *Boyd*, 948 F.2d at 284.

Despite Goodrow's abandonment of his appeal from the dismissal of his civil rights action, upon review, we conclude that the district court properly dismissed Goodrow's complaint as frivolous for the reasons stated by that court. *See Neitzke*, 490 U.S. at 325, 109 S.Ct. 1827. Goodrow's remaining arguments on appeal are without merit.

Accordingly, the district court's order dismissing the complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.