Raymond P. HAMILTON,
Plaintiff–Appellant,

v.

Charles R. SIMPSON III, Chief Judge,
James D. Moyer, Magistrate Judge,
Defendants–Appellees.

No. 01–6175.

United States Court of Appeals,
Sixth Circuit.

March 29, 2002.

Before BATCHELDER and CLAY, Circuit Judges; and ALDRICH, District Judge.*

### ORDER

This pro se federal prisoner appeals a district court judgment dismissing his civil complaint as frivolous. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking to have criminal charges levied against the defendants, to be "cleared of [criminal] charges," "punitive" relief, and the return of his "good name," Raymond P. Hamilton sued the Chief Judge of the United States District Court for the Western District of Kentucky (The Honorable Charles R. Simpson III), and a magistrate judge for the United States District Court for the Western District of Kentucky (James D. Moyer). Hamilton claimed that the district court and magistrate judge lacked subject matter jurisdiction over the criminal charges against him.

* The Honorable Ann Aldrich, United States District Judge for the Northern District of

The district court sua sponte dismissed the complaint pursuant to 28 U.S.C. § 1915A. The district court also denied Hamilton leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g), inasmuch as Hamilton had prosecuted at least four prior civil actions which had been dismissed as being frivolous or for failure to state a claim upon which relief may be granted. In turn, Hamilton paid the requisite filing fee. On appeal, Hamilton essentially reasserts the claims that he set forth in the district court.

This court reviews de novo a judgment dismissing a suit as frivolous or for failure to state a claim under 28 U.S.C. § 1915A(b)(1). *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). A suit may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327–28, 109 S.Ct. 1827; *Lawler*, 898 F.2d at 1199.

The district court properly dismissed Hamilton's complaint as frivolous because his claims lack an arguable or rational basis in law inasmuch as the defendants are clearly entitled to immunity. A judge performing his or her judicial function is absolutely immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9–10, 112 S.Ct. 286, 116

Ohio, sitting by designation.

L.Ed.2d 9 (1991). An act is "judicial" if it is one normally performed by a judicial officer and if the parties deal with the judge in his official capacity. *Stump v. Sparkman*, 435 U.S. 349, 360, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Chief Judge Simpson presided over Hamilton's criminal proceedings occasioned by an indictment charging Hamilton with committing federal offenses within the Western District of Kentucky. *See* 28 U.S.C. § 1331. Magistrate Judge Moyer dealt with Hamilton via a 28 U.S.C. § 636 referral from the district court. Thus, the defendants were performing as judicial officers and dealt with Hamilton in their official capacities. They are absolutely immune from suit in this instance. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir.2000).

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.