**Dexter MCMILLAN, Plaintiff–Appellant,**

v.

**John CRUNK; Peggy Maxwell; Kevin Myers, Defendants–Appellees.**

No. 01–6142.

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2002.

Before KEITH, MOORE, and GILMAN, Circuit Judges.

This pro se Tennessee state prisoner appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, a declaratory judgment, and injunctive relief, Dexter McMillan sued the health administrator at the South Central Correctional Center in Clifton, Tennessee (John Crunk), the facility's warden (Kevin Myers), and a griev-ance clerk (Peggy Maxwell). McMillan claimed that on two occasions, money was improperly withdrawn from his trust account in violation of his right to due process and equal protection. The district court dismissed the complaint as frivolous within the meaning of 28 U.S.C. § 1915(e)(2).

In his timely appeal, McMillan reasserts the claims set forth in the district court.

This court reviews de novo a decision to dismiss a complaint under § 1915(e). *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A complaint may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir.1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist. *See Neitzke,* 490 U.S. at 327–28, 109 S.Ct. 1827; *Lawler,* 898 F.2d at 1199. A sua sponte dismissal of a complaint is appropriate where the complaint is frivolous on its face. *See McGore,* 114 F.3d at 609. Although normally a prisoner must first exhaust his available administrative remedies pursuant to 42 U.S.C. § 1997e(a) before filing a § 1983 action challenging prison conditions in federal court, in the event that a claim is frivolous or fails to state a claim upon which relief can be granted, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998). Upon review, we conclude that the district court did not err by proceeding to the merits in this case.

McMillan's claims are time-barred. According to documents accompanying the complaint, McMillan received medical care for a toothache on November 23, 1999 and medical care for ulcerated gums on January 31, 2000. Money was withdrawn from McMillan's trust fund account to pay for these services. Thus, McMillan's claims arose when the money was withdrawn. *See Hicks v. Hines Inc.*, 826 F.2d 1543, 1544 (6th Cir.1987). State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268–69, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The one-year statute of limitations period contained in Tenn. Code Ann. § 28–3–104(a)(1) applies to civil rights claims arising in Tennessee. *See, e.g., Jackson v. Richards Med. Co.*, 961 F.2d 575, 578 (6th Cir.1992). McMillan filed his complaint in August 2001. His complaint exceeded the limitation period by approximately seven months with respect to the January 31, 2000 expenditure, and exceeded the limitation period by approximately nine months with respect to the November 23, 1999 expenditure. Thus, McMillan has no arguable basis in law or fact that would entitle him to § 1983 relief, and the district court properly dismissed the complaint as frivolous.

Accordingly, we affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.