Joseph T. **HUEY,** Plaintiff–Appellant,

v.

Bill **RAYMOND, et al.,** Defendants–Appellees.

No. 02–1217.

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2002.

Before KRUPANSKY, SILER, and COLE, Circuit Judges.

## ORDER

This is an appeal from a district court judgment sua sponte dismissing a prisoner civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Michigan inmate Joseph T. Huey filed a civil rights complaint against two hundred thirty-one employees of the Michigan Department of Corrections seeking monetary damages and other relief. The district court granted Huey in forma pauperis and concluded that the complaint was frivolous and should be dismissed sua sponte. Huey took an appeal and was granted in forma pauperis status by the district court for this purpose. Huey has filed a brief in his own behalf; the named defendants will not be participating in this appeal. In addition, Huey moves for the appointment of appellate counsel.

Huey presents one overarching issue for appellate review, namely, that the district court erred in concluding that his civil rights complaint was subject to dismissal under 28 U.S.C. §§ 1915(e)(2) or 1915A(b). Section 1915(e)(2)(B) directs the dismissal of in forma pauperis complaints at any time that the district court finds that the complaint is frivolous, malicious, or fails to state a claim for relief. Section 1915A(b) requires a district court to dismiss any civil action brought by a prisoner against any governmental agency or employee if the court finds that the complaint is frivolous, malicious, fails to state a claim for relief or represents an attempt to recover monetary damages from a defendant who is immune from such relief. This court reviews de novo a judgment dismissing a suit on the authority of either statutory provision. *Brown v. Bargery*, 207 F.3d 863, 866–67 (6th Cir.2000) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997)). A de novo review of the record and law supports the judgment on review.

Plaintiff Huey filed a complaint in which he identified 231 prison employees who were conspiring to make Huey's life miserable by poisoning virtually every item of food served to Huey in the prison cafeteria, in his cell, and purchased at the canteen. Huey claims to have heard the conspirators talking amongst themselves as to their motive, namely, Huey's having murdered a "promising" football player and for Huey's having infected women with herpes. Huey alleges, in part, that he suffers from severe head pain, a feeling of being stuck with needles, extreme dizziness, changes in his body temperature, and cold feet. The list of offending, presumably poisoned, foods includes every type of meat, vegetable and dairy product imaginable as well as bags of potato chips and cheese curls purchased at the prison store. The district court concluded that Huey's complaint was subject to dismissal as being irrational, wholly beyond belief and the product of delusion.

The district court's judgment is patently correct. A suit may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.1990). Claims lacking an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327–28, 109 S.Ct. 1827; *Lawler*, 898 F.2d at 1199. A determination of frivolousness in this context is now subject

to de novo review, with the district court given discretion to refuse to accept without question the truth of plaintiff's allegations that are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton v. Hernandez,* 504 U.S. 25, 32–33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). The case at bar undoubtedly presents just such a complaint and the district court's characterization of its merits is wholly accurate.

Accordingly, the motion for counsel is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.