William W. BUDROW, Petitioner–Appellant,

v.

Stephen R. LEFFLER, Respondent–Appellee.

No. 03–5889.

United States Court of Appeals, Sixth Circuit.

Jan. 30, 2004.

William W. Budrow, West Tennessee Detention Facility, Mason, TN, for Petitioner–Appellant.

Before BOGGS, Chief Judge; GUY, Circuit Judge; and HOOD, District Judge.*

### ORDER

William W. Budrow appeals a district court judgment that dismissed his petition for a writ of mandamus filed under 28 U.S.C. § 1361. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Budrow filed his petition in the district court alleging that his attorney in a pending federal prosecution was not providing him effective assistance of counsel. Bu-

---

* The Honorable Denise Page Hood. United States District Judge for the Eastern District of Michigan, sitting by designation.

drow is not indigent, but the court appointed Stephen Leffler as counsel for him after Budrow fired nine previous attorneys. The district court ordered Budrow to reimburse the United States for the full cost of Leffler's representation. The district court dismissed the petition sua sponte for lack of subject matter jurisdiction and as frivolous. Budrow filed a timely notice of appeal. On appeal, Budrow contends that the district court had subject matter jurisdiction over his petition.

Generally, this court reviews de novo a district court judgment dismissing a complaint for lack of subject matter jurisdiction. *Duncan v. Rolm Mil–Spec Computers,* 917 F.2d 261, 263 (6th Cir.1990); *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir.1990). This court also reviews de novo a district court judgment dismissing a complaint as frivolous pursuant to 28 U.S.C. § 1915(e). *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A complaint is frivolous where plaintiff failed to present a claim with an arguable or rational basis in law or in fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir.1990). In determining whether a claim is frivolous, a court need not "accept as 'having an arguable basis in fact' . . . all allegations that cannot be rebutted by judicially noticeable facts." *Denton v. Hernandez,* 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quoting *Neitzke,* 490 U.S. at 325, 109 S.Ct. 1827). However, "plaintiff's factual allegations must be weighted in favor of the plaintiff." *Id.* Here, the district court properly dismissed Budrow's petition for lack of jurisdiction.

Twenty-eight U.S.C. § 1361 provides the district court with mandamus jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To obtain relief under § 1361, an individual must establish that he has a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act. *See Heckler v. Ringer,* 466 U.S. 602, 616–17, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); *In re Bankers Trust Co.,* 61 F.3d 465, 469 (6th Cir.1995); *Ryon v. O'Neill,* 894 F.2d 199, 205 (6th Cir.1990). Here, Budrow seeks relief from a private attorney whom he is responsible for compensating, not from a federal employee. Further, Budrow does not assert a clear right to any nondiscretionary duty to act in any event. Under these circumstances, the district court properly dismissed Budrow's petition.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.